**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                        :
In re:                                                  :      Chapter 11
                                                        :
DELTA PETROLUEM, et al.,[1]                             :      Case No. 11-14006 (KJC)
                                                        :
                        Debtors.                        :      Jointly Administered
                                                        ::
- - - - - - - - - - - - - - - - - - - - - - - - x
DELTA PETROLEUM GENERAL                                  :
RECOVERY TRUST,                                          :
                                                        :
            Plaintiff,                                   :
                                                        :      Adv. Pro. No. 12-_____ (KJC)
        v.                                               :
                                                        :
ROGER PARKER,                                            :
- and -                                                  :
Delia Parker,                                            :
                                                        :
            Defendants.                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

**COMPLAINT FOR AVOIDANCE OF INTERESTS AND RECOVERY OF
PROPERTY OF THE ESTATE**

        Delta Petroleum General Recovery Trust ("Delta Petroleum Trust" or

"Plaintiff"), for its complaint against Roger Parker and Delia Parker (each a

"Defendant" and together, "Defendants"), alleges, on personal knowledge as to its

own actions and on information and belief as to the actions of others, as follows:

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Delta Petroleum Corporation (0803); DPCA LLC (0803); Delta Exploration Company, Inc. (9462); Delta Pipeline, LLC (0803); DLC, Inc. (3989); CEC, Inc. (3154); Castle Texas Production Limited Partnership (6054); Amber Resources Company of Colorado (0506); and Castle Exploration Company, Inc. (9007). The Debtors' headquarters are located at: 370 17th Street, Suite 4300, Denver, Colorado 80202.

## SUMMARY OF ACTION

1.      Through this action, Plaintiff seeks to avoid an overriding royalty interest assigned to Defendant Roger Parker that relates to certain leasehold interests held by the Debtors (as defined herein).  Defendant Roger Parker purportedly assigned the overriding royalty interest to his ex-wife, Defendant Delia Parker, pursuant to a divorce settlement that transpired after the commencement of the above-captioned jointly administered bankruptcy cases (the "Chapter 11 Cases"). The agreement under which Defendant Roger Parker purportedly assigned the overriding royalty interest to Defendant Delia Parker was executed on June 23, 2012, but provides for an effective date as of February 11, 2012.  Because Defendant Roger Parker failed to properly record the overriding royalty interest prior to the Petition Date (as defined herein), the unrecorded real property interest should be avoided and recovered, pursuant to sections 544(a)(3) and 550 of title 11 of the United States Code (the "Bankruptcy Code") and applicable state law, as of the commencement of the Chapter 11 Cases.

2.      In the alternative, on account of the vesting of the Debtors' assets, including the leasehold interest at issue, in the Reorganized Debtors (as defined herein) free and clear of all claims (as defined in section 101 of the Bankruptcy Code) and liens (as defined in section 101 of the Bankruptcy Code), upon the Effective Date (as defined herein) of the Debtors' chapter 11 plan of reorganization, Defendant Roger Parker's overriding royalty interest was stripped

2

from the related leasehold interest and, accordingly, the overriding royalty interest (and any rights arising thereunder) is not enforceable against the Reorganized Debtors as of the Effective Date (as defined herein) of the Debtors' chapter 11 plan of reorganization.  As a consequence, Defendants were left only with a prepetition claim against the Debtors' estates.  Moreover, because Defendants failed to timely file a proof of claim and the Debtors' chapter 11 plan of reorganization has been confirmed and consummated, Defendants' claims against the Debtors' estates, including claims for payment under the overriding royalty interest and any related assignment agreements, were barred and discharged as of the Effective Date of the Debtors' chapter 11 plan of reorganization.

3.      In addition, Plaintiff seeks, under applicable state law on unjust enrichment and fraudulent transfer, to recover any and all payments made to Defendant Roger Parker, or indirectly to Defendant Delia Parker, on account of the overriding royalty interest after the Petition Date (as defined herein).  Plaintiff also seeks, pursuant to section 542(a) of the Bankruptcy Code, turnover of any and all payments made to Defendant Roger Parker on account of the overriding royalty interest after the Petition Date (as defined herein), including any subsequent transfers of such funds by Defendant Roger Parker to Defendant Delia Parker.

## JURISDICTION AND VENUE

4.      The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.  This action is a core proceeding under 28

U.S.C. § 157(b)(2).

5.        Venue is proper under 28 U.S.C. § 1409.

6.        This Court has personal jurisdiction over Defendants under Rule 7004(f) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

7.        This adversary proceeding is initiated under Bankruptcy Rule 7001.

## PARTIES

8.        Plaintiff is a general recovery trust created for the benefit of the Reorganized Debtors in these Chapter 11 Cases.  Delta Petroleum Trust was formed to liquidate certain trust assets and object to, settle and/or compromise any disputed claims for the benefit of the Reorganized Debtors.  Sections 6.6 and 10.14 of the Debtors' Plan (as defined herein) expressly create and authorize Delta Petroleum Trust to bring the causes of action set forth herein.

9.        Upon information and belief, Defendant Roger Parker is an individual who resides in Colorado and is a former chairman and chief executive officer of Delta Petroleum Corporation, and Defendant Delia Parker is a resident of Colorado and is the ex-wife of Defendant Roger Parker.

## FACTUAL BACKGROUND

### A.      The Bankruptcy Cases

10.       Delta Petroleum Corporation and certain of its affiliates, as

4

debtors and debtors-in-possession (collectively, the "Debtors"), each commenced on

December 16, 2011 (the "Petition Date", except in the case of Castle Exploration

Company, Inc., for which "Petition Date" shall mean January 6, 2012), a voluntary

case under chapter 11 of the Bankruptcy Code.

        11.     Throughout the pendency of the Chapter 11 Cases, the

Debtors operated their respective businesses as debtors-in-possession pursuant to

sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner was

appointed in the Chapter 11 Cases.  A committee of unsecured creditors (the

"Committee") was appointed in the Chapter 11 Cases on June 15, 2012.

        12.     On February 14, 2012, the Court entered the *Order (I)*

*Establishing Bar Dates For Filing Proofs Of Claim, (II) Approving Proof Of Claim*

*Form, Bar Date Notices And Mailing And Publication Procedures, (III)*

*Implementing Uniform Procedures Regarding 503(B)(9) Claims, And (IV) Providing*

*Certain Supplemental Relief* (D.I. 303) (the "Bar Date Order").

        13.     On February 14, 2012, the Debtors filed and served Defendant

Roger Parker with the *Notice Of Deadline Of March 23, 2012 At 4:00 P.M. (ET) To*

*File Proofs Of Claim For Prepetition Claims And 503(b)(9) Claims* (D.I. 313) (the

"Bar Date Notice").  Further, publication notice of the Bar Date Notice was provided

in the USA Today on February 21, 2012, as indicated in the *Certificate Of*

*Publication Re: Notice Of Deadline Of March 23, 2012 At 4:00 P.M. To File Proofs*

*Of Claim For Prepetition Claims And 503(B)(9) Claims* (D.I. 335) (the "Bar Date

Notice Certificate of Publication ") entered on February 24, 2012.

14.     On July 6, 2012, the Debtors filed and served Defendant Roger Parker with the *Notice Of (I) Deadline For Casting Votes To Accept Or Reject The Joint Chapter 11 Plan of Reorganization of Delta Petroleum Corporation and its Debtor Affiliates, (II) The Hearing To Consider Confirmation Of The Joint Chapter 11 Plan of Reorganization of Delta Petroleum Corporation and its Debtor Affiliates, And (III) Certain Related Matters* (D.I. 697) (the "Plan and Confirmation Hearing Notice").

15.     On August 13, 2012, the Debtors filed and served Defendant Roger Parker with the *Third Amended Joint Chapter 11 Plan of Reorganization of Delta Petroleum Corporation and its Debtor Affiliates* (the "Plan")[2] and *Amended Disclosure Statement for the Joint Chapter 11 Plan of Reorganization of Delta Petroleum Corporation and Its Debtor Affiliates* (D.I. 885).

16.     A hearing to consider confirmation of the Debtors' Plan (the "Confirmation Hearing") was held before this Court on August 15, 2012.

17.     On August 16, 2012, the Court entered the *Findings of Fact, Conclusions of Law and Order Confirming the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization* (D.I. 925) (the "Confirmation Order"), which confirmed the Debtors' Plan.

18.     On August 31, 2012, the Debtors satisfied all conditions under

---

[2]     Terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

6

the Plan, the Plan became effective on August 31, 2012 (the "Effective Date") and

all of the Debtors assets vested either in a joint venture or in Par Petroleum

Corporation and its affiliates (each a "Reorganized Debtor" and collectively, the

"Reorganized Debtors") free and clear of all claims and liens, as each term is defined

in the Bankruptcy Code.

19.    On August 31, 2012, the Debtors filed and served Defendant

Roger Parker with the *Notice Of (I) Effective Date of Third Amended Joint Chapter*

*11 Plan of Reorganization of Delta Petroleum Corporation and its Affiliated Debtors*

*And (II) Bar Dates For Filing Certain Claims* (D.I. 947) (the "Effective Date

Notice").

20.    Section 10.1 of the Plan provides for the vesting of all

property of the Debtors' estates free and clear of any Liens, Claims and Equity

Interests (as defined in the Plan), as follows:

> ***Vesting of Assets***. Except as otherwise provided in this Plan, on the
> Effective Date all property comprising the Estates not otherwise vested
> in the Joint Venture Company or the Recovery Trusts shall revest in the
> Estate of the applicable Reorganized Debtor, free and clear of all Liens,
> Claims and Equity Interests (other than as expressly provided
> herein).… On and after the Effective Date, the Reorganized Debtors
> shall be authorized to operate their respective businesses, and to use,
> acquire or dispose of assets without supervision or approval by the
> Bankruptcy Court, and free from any restrictions of the Bankruptcy
> Code or the Bankruptcy Rules.

21.    Further, in conjunction with the foregoing, paragraph 15 of the

Confirmation Order provides that:

***Free and Clear.***  Except as otherwise provided in the Plan, on the Effective Date all property comprising the Estates not otherwise vested in the Joint Venture Company or the Recovery Trusts shall revest in the Estate of the applicable Reorganized Debtor, free and clear of all Liens, Claims and Equity Interests (other than as expressly provided in the Plan).  Except as otherwise provided in the Plan, on the Effective Date all property to be transferred to the Joint Venture Company shall be transferred free and clear of all Liens, Claims and Equity Interests (other than as expressly provided in the Plan).  On and after the Effective Date, the Reorganized Debtors shall be authorized to operate their respective businesses, and to use, acquire or dispose of assets without supervision or approval by the Court, and free from any restrictions of the Bankruptcy Code or the Bankruptcy Rules.  Except as otherwise provided in the Plan, the Debtors, as the Reorganized Debtors, shall continue to exist on and after the Effective Date as separate Persons with all of the powers available to such Persons under applicable law, without prejudice to any right to alter or terminate such existence (whether by merger or otherwise) in accordance with such applicable law.

22.     As defined under section 1.1 of the Plan, "***Claim*** has the meaning set forth in section 101(5) of the Bankruptcy Code," and "***Lien*** has the meaning set forth in section 101(37) of the Bankruptcy Code."

23.     Section 10.3 of the Plan provides for the binding effect of the Plan, stating as follows:

***Binding Effect.*** Except as otherwise provided in section 1141(d)(3) of the Bankruptcy Code and subject to the occurrence of the Effective Date, the provisions of this Plan shall bind any Holder of a Claim against, or Equity Interest in, the Debtors and such Holder's respective successors and assigns, whether or not the Claim or Equity Interest of such Holder is impaired under this Plan and whether or not such Holder has accepted this Plan.  The provisions of this Plan shall bind the respective Estates of the Debtors and any chapter 7 Trustee that might be appointed upon a subsequent conversion of any of the Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code.

8

24.     Further, paragraph 19 of the Confirmation Order similarly provides that:

> ***Binding Effect.*** …On or after entry of this Confirmation Order and subject to the occurrence of the Effective Date, the provisions of the Plan shall bind the Debtors, Reorganized Debtors, the Recovery Trustee, the Disbursement Agent, the Joint Venture Company, all Holders of Claims or Equity Interests in the Debtors and such Holders' respective successors and assigns (irrespective of whether or not the Claim or Equity Interest of such Holder is impaired under the Plan and whether or not such Holder has accepted the Plan) all entities that are parties to or are subject to settlements, compromises, releases, discharges and injunctions described in the Plan or in this Confirmation Order, any and all non-Debtor parties to executory contracts and unexpired leases with any of the Debtors, any subsequent trustees appointed under any chapter of title 11 of the U.S. Code, any other party in interest in the Chapter 11 Cases and the respective heirs, executors, administrators, successors or assigns, if any, of any of the foregoing, and shall not be subject to rejection. All agreements, instruments and other documents filed in connection with the Plan or included in the Plan Supplements (as they may be amended or modified pursuant to the terms of the Plan) are hereby approved.

## B.    Oil And Gas Leases And Overriding Royalty Interests

25.     The Debtors owned and operated natural gas and crude oil producing assets and held leasehold interests (the "Leases") in certain lands that contain oil and gas producing wells.  Among those Leases were certain offshore oil and gas leases on the outer continental shelf of the United States.  In connection with certain of such Leases, the Debtors executed an assignment to Defendant Roger Parker that created a non-operating overriding royalty interest in a specified percentage of the oil, gas and other leased minerals produced from the wells located on the respective Leases, free and clear of the costs of production (the "Parker

ORRI").

26.     To that end, Delta Petroleum Corporation and Defendant Roger Parker executed an assignment agreement, dated December 1, 1999, which states that the Parker ORRI was equal to one percent (1.0%) in certain of Delta Petroleum Corporation's oil and gas Leases, free and clear of all development, production and operating expenses (the "Parker Assignment Agreement"), a copy of which is annexed hereto as Exhibit A.  Prior to the Petition Date, the Debtors remitted to Defendant Roger Parker, pursuant to the Parker Assignment Agreement, payments on account of the one percent (1.0%) Parker ORRI (the "Parker ORRI Payments").

27.     Subsequent to the Petition Date, the Debtors continued to remit the Parker ORRI Payments to Defendant Roger Parker pursuant to the Parker Assignment Agreement (the "Post-Petition Payments").

28.     Upon information and belief, Defendant Roger Parker purportedly assigned the Parker ORRI to his ex-wife, Defendant Delia Parker, pursuant to a divorce settlement that transpired after the Petition Date (the "Post-Petition Parker Assignment").  The Post-Petition Parker Assignment was executed on June 23, 2012, but provides for an effective date as of February 11, 2012.

29.     By this action, Plaintiff seeks to avoid and recover the Parker ORRI and the Post-Petition Parker Assignment, and recover the Post-Petition Payments.

10

## CAUSES OF ACTION

## COUNT I

**(Avoidance And Recovery Of The Parker ORRI Under Section 544(a)(3) And 550 Of The Bankruptcy Code)**

30.     Plaintiff hereby repeats and realleges each of the above

paragraphs as though fully set forth here.

31.     Section 544(a)(3) of the Bankruptcy Code provides that:

(a) [t]he trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by … (3) a bona fide purchaser of real property, other than fixture, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser of real property and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

32.     Further, Section 550(a) of the Bankruptcy Code provides, in

part, that:

to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (2) any immediate or mediate transferee of such initial transferee.

33.     Under applicable state law, the Parker ORRI is a real property

interest, and the appropriate county recording office for purposes of providing

potential bona fide purchasers with notice of the Parker ORRI (an interest in

connection with the Debtors' Leases) is Santa Barbara County, California.

11

34.    Accordingly, pursuant to the Parker Assignment Agreement, Defendant Roger Parker received a real property interest on account of a pre-petition transfer by a Debtor.

35.    The Parker ORRI was not recorded in the Santa Barbara County's recording office prior to the Petition Date.

36.    By reason of these failures, the Parker ORRI is voidable by Plaintiff, acting on behalf of the Reorganized Debtors, as a hypothetical bona fide purchaser of real property as of the date of the commencement of the Chapter 11 Cases.

37.    Accordingly, Plaintiff is entitled to a judgment, pursuant to sections 544(a)(3) and 550 of the Bankruptcy Code and applicable state law, against Defendants, declaring that the Parker ORRI was avoided and recovered as of the commencement of the Chapter 11 Cases and recovering from Defendant Delia Parker any purported transfer of the Parker ORRI on account of the Post-Petition Parker Assignment.

## COUNT II

**(Declaration That The Parker ORRI, The Parker Assignment Agreement And Any Rights Arising Thereunder Were Stripped from the Underlying Leasehold Interest And, Therefore, The Parker ORRI, The Parker Assignment Agreement, The Purported Post-Petition Parker Assignment And Any Rights Arising Thereunder Are Not Enforceable Against The Reorganized Debtors Upon Consummation Of The Plan Confirmed Under Bankruptcy Code Section 1141)**

38.    Plaintiff hereby repeats and realleges each of the above paragraphs as though fully set forth here.

39.     Section 1141(a) of the Bankruptcy Code provides, in part,

that:

> the provisions of a confirmed plan bind the debtor, any entity issuing securities under the plan, any entity acquiring property under the plan, and any creditor, equity security holder, or general partner in the debtor, whether or not the claim or interest of such creditor, equity security holder, or general partner is impaired under the plan and whether or not such creditor, equity security holder, or general partner has accepted the plan.

40.     Further, section 1141(b) of the Bankruptcy Code provides

that, "[e]xcept as otherwise provided in the plan or the order confirming the plan, the

confirmation of a plan vests all property of the estate in the debtor."  Finally, section

1141(c) provides, in part, that, "except as otherwise provided in the plan or in the

order confirming the plan, after confirmation of a plan, the property dealt with by the

plan is free and clear of all claims and interests of creditors, equity security holders,

and of general partners in the debtor."

41.     Defendant Roger Parker was served with the Bar Date Notice,

Plan and Confirmation Hearing Notice and the Effective Date Notice, as well as

other notices filed by the Debtors that put Defendant Roger Parker on notice of the

Chapter 11 Cases and confirmation of the Debtors' Plan.  Further, publication notice

of the Bar Date Notice was provided in the USA Today on February 21, 2012.  Upon

information and belief, Defendant Delia Parker learned, or should have learned, of

the Chapter 11 Cases and the matters of which Defendant Roger Parker had notice

from Defendant Roger Parker (in connection with the Post-Petition Parker

13

Assignment), the publication of the Bar Date Notice or otherwise.

42.    Under the express terms of the Plan, confirmation of the Plan vested all property of the estates in the Reorganized Debtors free and clear of all Liens, Claims, and Equity Interests (subject to certain enumerated exceptions and exclusions not applicable here), including the Parker ORRI, the Parker Assignment Agreement, the purported Post-Petition Parker Assignment and any claims arising thereunder.

43.    Accordingly, Plaintiff is entitled to a judgment, pursuant to section 1141 of the Bankruptcy Code and the express provisions of the Plan and Confirmation Order, against Defendants declaring that: (i) the Reorganized Debtors' confirmed Plan is binding on Defendants; (ii) upon confirmation of the Plan, all property of the Debtors' estates was vested in the Reorganized Debtors free and clear of any Liens, Claims, and Equity Interests (subject to certain enumerated exceptions and exclusions not applicable here), including the Parker ORRI, the Parker Assignment Agreement, the purported Post-Petition Parker Assignment and any rights arising thereunder; and (iii) accordingly, the Parker ORRI, the Parker Assignment Agreement, the purported Post-Petition Parker Assignment and any rights arising thereunder are not enforceable against the Reorganized Debtors as of the Effective Date of the Plan.

14

**COUNT III**

**(Declaration That Defendants' Claims Against The Debtors' Estates For Payments Under The Parker ORRI, The Parker Assignment Agreement And The Purported Post-Petition Parker Assignment Were Disallowed, Expunged And Discharged Upon Confirmation And Consummation Of The Plan By Virtue Of Failure To File A Proof Claim And The Plan Discharge Pursuant To Bankruptcy Code Section 1141)**

44.    Plaintiff hereby repeats and realleges each of the above paragraphs as though fully set forth here.

45.    The Bar Date Order established that (*inter alia*): (i) the last date and time for filing proofs of claim against the Debtors for any and all prepetition claims was March 23, 2012 at 4:00 p.m. (E.T.) (the "Bar Date"); and (ii) any entity who fails to file a proof of claim on or before the Bar Date will be forever barred, estopped and enjoined from asserting such claim (or filing a proof of claim) against the Debtors.

46.    Defendants failed to timely file a proof of claim in the Chapter 11 Cases prior to or on the Bar Date.

47.    Section 10.5 of the Plan provides that:

> ***Discharge of the Debtors.***  Except to the extent otherwise provided in this Plan or the Confirmation Order, the treatment of all Claims against or Equity Interests in the Debtors under this Plan shall be in exchange for and in complete satisfaction, discharge and release of, all Claims against or Equity Interests in the Debtors of any nature whatsoever, known or unknown, including any interest accrued or expenses incurred thereon from and after the Petition Date, or against their Estates or properties or interests in property.  Except as otherwise provided in this Plan or the Confirmation Order, upon the Effective Date, all Claims against and Equity Interests in the Debtors shall be satisfied, discharged and released in full exchange for the

15

consideration provided under this Plan.  Except as otherwise provided in this Plan or the Confirmation Order or under the terms of the documents evidencing the Exit Loan, all Persons shall be precluded from asserting, against the Debtors, the Reorganized Debtors, or their respective properties or interests in property, any other Claims based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Effective Date.  In accordance with the foregoing, except as provided in this Plan or the Confirmation Order, the Confirmation Order shall constitute a judicial determination, as of the Effective Date, of the discharge of all such Claims and other debts and liabilities of the Debtors, pursuant to sections 524 and 1141 of the Bankruptcy Code, and such discharge shall void and extinguish any judgment obtained against the Debtors or the Reorganized Debtors at any time, to the extent such judgment is related to a discharged Claim.

48.    Further, Section 10.10(a) of the Plan provides that:

***Term of Injunctions or Stays.*** Except as otherwise expressly provided herein, and except with respect to enforcement of this Plan, all Persons who have held, hold or may hold any Claim against, or Equity Interest in, the Debtors as of the Effective Date will be permanently enjoined, from and after the Effective Date, from (i) commencing or continuing in any manner any action or other proceeding of any kind in any forum with respect to such Claim or Equity Interest against the Reorganized Debtors, the Joint Venture Company, the Recovery Trusts, or their property, (ii) the enforcement, attachment, collection or recovery in any manner or by any means any judgment, award, decree or order against the Reorganized Debtors, the Joint Venture Company, the Recovery Trusts, or their respective property with respect to such Claim or Equity Interest, (iii) creating, perfecting or enforcing any Lien or other encumbrance of any kind against the Reorganized Debtors, the Joint Venture Company, the Recovery Trusts, or against any property or interests in property of the Reorganized Debtors with respect to any such Claim or Equity Interest, (iv) asserting a right of setoff, subrogation or recoupment of any kind against any obligation due from the Reorganized Debtors, the Joint Venture Company, the Recovery Trusts, or against any property or interests in property of the Reorganized Debtors, the Joint Venture Company or the Recovery Trusts with respect to such Claim or Equity Interest, (v) commencing or continuing any action, in any

16

forum, that does not comply or is inconsistent with the provisions of this Plan and (vi) pursuing any such Claim released pursuant to Section 10.5, 10.6, 10.7 or 10.8 hereof.

49.     Accordingly, Plaintiff is entitled to a judgment, pursuant to section 1141 of the Bankruptcy Code and the express provisions of the Plan and Confirmation Order, against Defendants declaring that: (i) the Reorganized Debtors' confirmed Plan is binding on Defendants; (ii) pursuant to the Bar Date Order, Defendants are permanently barred, estopped and enjoined from pursuing any such claims against the Reorganized Debtors; (iii) any and all claims Defendants may have against the Debtors' estates, including claims for payment under the Parker ORRI, the Parker Assignment Agreement, the purported Post-Petition Parker Assignment and any other claims arising thereunder, are discharged as of the Effective Date; and (iv) accordingly, the Parker ORRI, the Parker Assignment Agreement, the purported Post-Petition Parker Assignment and any claims arising thereunder are disallowed, expunged and discharged as of the Effective Date of the Plan.

## COUNT IV
### (Unjust Enrichment And Clawback Of Debtors' Post-Petition Payments)

50.     Plaintiff hereby repeats and realleges each of the above paragraphs as though fully set forth here.

51.     Under applicable state law, where a defendant receives a benefit at the plaintiff's expense under circumstances in which it would be unjust for

17

the defendant to retain such benefit, unjust enrichment requires that the defendant return the benefit to the plaintiff or compensate the plaintiff for its loss.

52.     On account of the avoidance of the Parker ORRI and the Post-Petition Parker Assignment as of the commencement of the Chapter 11 Cases, Defendant Roger Parker was not entitled to receive, and the Debtors were not obligated to make, the Post-Petition Payments, the subject of which was (and continued to be) property of the Debtors' estates.

53.     From the Petition Date to the Effective Date, the Debtors Post-Petition Payments to Defendant Roger Parker totaled $66,555.32 in the aggregate, for which the Debtors' estates received no benefit beyond the consideration provided by Roger Parker in 1999 under and in connection to the Parker Assignment Agreement.

54.     Accordingly, pursuant to applicable state law, Plaintiff is entitled to a judgment against Defendants declaring that Defendant Roger Parker, and Defendant Delia Parker to the extent she was the immediate transferee of such funds, were unjustly enriched to the extent of the Post-Petition Payments, and ordering the immediate return of such funds, including the return of any subsequent transfers of such funds, plus interest, or awarding compensatory damages, to Plaintiff.

## COUNT V

### (Post-Petition Fraudulent Transfers Under State Law)

55.     Plaintiff hereby repeats and realleges each of the above paragraphs as though fully set forth here.

56.     Under applicable state law, a transfer is deemed fraudulent where a debtor makes a transfer or incurs an obligation to a third party without receiving a reasonably equivalent value in exchange for such transfer or obligation and the debtor was insolvent at that time or became insolvent as a result of such transfer or obligation.

57.     Here, from the Petition Date to the Effective Date, the Debtors made Post-Petition Payments to Defendant Roger Parker that totaled $66,555.32 in the aggregate.  The Debtors did not receive a reasonably equivalent value in exchange for the Post-Petition Payments.  Further, the Debtors were insolvent at the time of such transfers.

58.     Accordingly, pursuant to applicable state law, Plaintiff is entitled to a judgment against Defendants declaring that the Post-Petition Payments constituted fraudulent transfers and ordering the immediate return of such funds, including the return of any subsequent transfers of such funds, plus interest, or awarding compensatory damages, to Plaintiff.

19

## COUNT VI

### (Turnover Of The Post-Petition Payments, And Any Subsequent Transfers Thereof, Under Section 542(a) Of The Bankruptcy Code)

59.     Plaintiff hereby repeats and realleges each of the above paragraphs as though fully set forth here.

60.     Section 542(a) of the Bankruptcy Code provides, in part, that:

(a) …an entity, other than a custodian, in possession, custody or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

61.     As noted herein, section 6.6 and 10.14 of the Debtors' Plan expressly authorize Plaintiff to bring the causes of action set forth herein on behalf of the Reorganized Debtors.

62.     The Post-Petition Payments constitute property of the Debtors' estates to be recovered on behalf of the Reorganized Debtors.

63.     Accordingly, Plaintiff is entitled to a judgment, pursuant to sections 542(a) of the Bankruptcy Code, against Defendants, ordering the immediate payment and turnover of any and all Post-Petition Payments, and/or any subsequent transfers of such funds, plus interest or awarding Plaintiff compensatory damages therefor.

WHEREFORE, Delta Petroleum Trust respectfully requests the Court enter a judgment against Defendants:

20

(a)    avoiding and recovering the Parker ORRI and the Post-Petition Parker Assignment as of the commencement of the Chapter 11 Cases;

(b)    declaring that the Parker ORRI, the Parker Assignment Agreement, the purported Post-Petition Parker Assignment and any rights arising thereunder were stripped from the Debtor's underlying leasehold interest and, therefore, the Parker ORRI, the Parker Assignment Agreement, the purported Post-Petition Parker Assignment and any rights arising thereunder are not enforceable against the Reorganized Debtors as of the Effective Date of the Plan;

(c)    declaring Defendants' claims against the Debtors' estates were barred and discharged as of the Effective Date and that Defendants are permanently enjoined from pursuing such claims against the Reorganized Debtors, and, accordingly, the Parker ORRI, the Parker Assignment Agreement, the purported Post-Petition Parker Assignment and any claims arising thereunder are disallowed, expunged and discharged as of the Effective Date of the Plan.

(d)    recovering, for the benefit of Plaintiff, the Post-Petition Payments made on account of the Parker ORRI, and/or any subsequent transfers of such funds, plus interest or awarding Plaintiff compensatory damages therefor;

(e)    ordering the immediate payment and turnover of any and all Post-Petition Payments, and/or any subsequent transfers of such funds, plus interest or awarding Plaintiff compensatory damages therefor; and

(f)    granting such other and further relief, including costs,

21

expenses and attorneys' fees, as the Court deems just and proper.


Dated:          September 21, 2012
                Wilmington, Delaware


                        /s/ Anthony W. Clark
                        Anthony W. Clark (I.D. No. 2051)
                        Skadden, Arps, Slate, Meagher & Flom LLP
                        One Rodney Square
                        P.O. Box 636
                        Wilmington, Delaware 19899-0636
                        (302) 651-3000

                        Counsel for Delta Petroleum General Recovery Trust

OF COUNSEL:

Ron Meisler
Ebba Gebisa
Skadden, Arps, Slate, Meagher & Flom LLP
155 North Wacker Drive
Chicago, Illinois 60606-1720
(312) 407-0700