# EXHIBIT A

830848- Server 1a - MSW

# ASSIGNMENT OF OVERRIDING ROYALTY INTEREST
(The "ASSIGNMENT")

This Assignment is made and entered into this 1st day of December, 1999, between DELTA PETROLEUM CORPORATION, a Colorado corporation, whose address is 555 17th Street, Suite 3310, Denver, Colorado, 80202, hereinafter referred to as Assignor, and ROGER A. PARKER, an individual, whose address is 4682 S. Franklin Street, Englewood, Colorado 80110, hereinafter referred to as Assignee.

NOW THEREFORE, IN CONSIDERATION of the sum of Ten Dollars ($10.00) and other good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, Assignor does, by these presents, assign, transfer and convey unto Assignee, an OVERRIDING ROYALTY INTEREST of one percent (1.0%) in and to the oil and gas leases and lands described on Exhibit "A" attached hereto and by this reference made a part hereof (the "Leases"), which shall burden all the oil, gas and other leased minerals produced, saved and sold from or allocated to the lands covered by said Leases, and any extensions or renewals thereof. Said Overriding Royalty Interest shall be subject to the following terms and conditions:

1. The Overriding Royalty Interest shall be free and clear of all development, production and operating expenses, however, said interests shall bear and pay currently its portion of the costs of transportation, compression, dehydration, and similar costs, gross production, severance, ad valorem taxes and all other taxes assessed against the gross production subject to said Overriding Royalty Interest.

2. It is agreed that nothing contained herein shall impose upon Assignor, or its successors or assigns, any duty or obligation to develop or operate the Leases or any wells located thereon, or maintain the Leases by payment of delay rentals, minimum royalties, shut-in royalty payments or any other similar payments necessary to keep the Leases in effect.

3. Assignor shall have the exclusive right, as set forth in the Leases, to pool said Leases and the lands covered thereby, or any part thereof, with other lands and leases into voluntary units, or units established by any governmental agency having jurisdiction over said Leases and lands, and if said Leases are so pooled, the Overriding Royalty Interest shall burden only the production allocated to the Leases and lands by virtue of the allocation provisions of the pooling and/or unitization agreements governing the development of the unit or pooled area.

4. The Overriding Royalty Interest conveyed herein shall burden only the interest of Assignor, and its successors and assigns, in the Leases and shall be reduced to the proportion that the leasehold interest of Assignor in said Leases bears to the total leasehold estate in the lands covered by the Leases. In addition, the Overriding Royalty Interest shall be subject to further proportionate reduction should the Leases cover less than the full, undivided oil, gas and mineral estate in the lands covered thereby.

-1-

5.  This Assignment is made with no representations or warranties of title either express or implied and shall be binding upon and inure to the benefit of Assignor and Assignee and their respective successors, representatives and assigns.

6.  In the event Assignor is required to assign in an arms length transaction some fractional undivided interest in the Leases in order to obtain access to Point Arguello Unit offshore drilling platform(s) for the drilling of wells on the Leases, the Overriding Royalty Interest shall be proportionately reduced; provided, however, that any oil and gas interest or other thing of value of any nature, whether similar or dissimilar, received by Delta in any such transaction shall be subject to this Overriding Royalty Interest.

7.  In the event any action of any governmental unit (whether federal or state and whether legislative, executive or judicial) precludes the orderly development of, and production of hydrocarbons and other minerals from, the Leases and Assignor receives compensation therefor, Assignee shall receive in respect of the Overriding Royalty Interest a proportionate part of such compensation which proportion shall be in the same ratio as the value of the Overriding Royalty Interest in the Leases reasonably expected had orderly development and production not been interrupted bears to the value of the expense interest in the Leases giving consideration to the expenses which would have been incurred by Assignor in deriving the value attributable to the expense interest had orderly development and production not been interrupted.

EXECUTED this 1st day of December, 1999, but effective for all purposes as of August 1, 1999 at 7:00 AM at the location of the Leases, hereinafter referred to as the EFFECTIVE DATE.

**ASSIGNOR:**

DELTA PETROLEUM CORPORATION

By: _[signature]_

Title: CEO/Chairman

Attest:
(Seal)

By: _[signature]_

Title: Assistant Secretary

**ASSIGNEE:**

By: _[signature]_
Roger A. Parker

-2-

## ACKNOWLEDGMENTS

State of Colorado        }
                         }
County of Denver         }

      The foregoing instrument was acknowledged before me this 1st day of December, 1999 by Aleron H. Larson, Jr. to me known to be the CEO/Chairman of DELTA PETROLEUM CORPORATION, a Colorado corporation, for the purposes and in the capacity stated therein as the free act and deed of said Corporation.

      My Commission Expires: 5/18/01

*Sheryl K. Shelton*
Notary Public: Sheryl K. Shelton
Address: 9800 S. Rock Dove Lane
Highlands Ranch, Colorado 80126


State of Colorado        }
                         }
County of Denver         }

      The foregoing instrument was acknowledged before me this 1st day of December, 1999 by ROGER A. PARKER, for the purposes and in the capacity stated herein as the free act and deed of said individual.

      My Commission Expires: 5/18/01

*Sheryl K. Shelton*
Notary Public: Sheryl K. Shelton
Address: 9800 S. Rock Dove Lane
Highlands Ranch, Colorado 80126

EXHIBIT "A"
POINT ARGUELLO FIELD
Offshore California

Attached to and made a part of that certain PURCHASE AND SALE AGREEMENT between Whiting Petroleum Corporation, Seller, and Delta Petroleum Corporation, Buyer, dated the 9th day of June, 1999.

I.

    All of Seller's right, title and interest in and to the following described partnerships:

1. Partnership Agreement-Point Arguello Pipeline Company dated August 2, 1984; Partnership Interest 5.8036%.

2. Partnership Agreement-Point Arguello Natural Gas Company dated September 1, 1984; Partnership Interest 6.0652%.

3. Partnership Agreement for Ownership of Facilities-Gaviota Gas Plant Company dated October 1, 1984; Partnership Interest 5.7013%.

II.

LEASE:

All of Seller's right, title and interest in and to the leasehold estate created by the following described oil and gas lease:

    A.    Oil and Gas Lease dated July 2, 1981 from Bureau of Land Management to Chevron U.S.A. Inc. and Phillips Petroleum Company, bearing Serial No. OCS-P 0452

INSOFAR AND ONLY INSOFAR AS SAID LEASE AND INTEREST COVERS THE FOLLOWING DESCRIBED LAND:

    Block 466, All that certain portion seaward of the three geographical mile line, OCS Official Protraction Diagram NI 10-6, Santa Maria. (CA3-2056).

Subject to the following:

a. Unit Operating Agreement dated February 1, 1985 between Chevron, operator and Phillips and Champlin as non-operators covering the Rocky Point Unit;

b. Unit Agreement dated February 1, 1985 between Chevron, operator and Phillips and Champlin as non-operators, covering the Rocky Point Unit;

c. Letter Agreement dated February 6, 1985 between Chevron, Champlin and Phillips amending the Unit Operating Agreement.

LEASE:

All of Seller's right, title and interest in and to the leasehold estate created by the following described oil and gas lease:

    A.    Oil and Gas Lease dated May 19, 1981 from Bureau of Land Management
To Chevron U.S.A. Inc. and Phillips Petroleum Company bearing Serial
No. OCS-P 0453.

INSOFAR AND ONLY INSOFAR AS SAID LEASE AND INTEREST COVERS THE FOLLOWING DESCRIBED LAND:

    Block 467, all that certain portion seaward of the three geographical mile line,
OCS Official Protraction Diagram NI 10-6, Santa Maria

Subject to the following:

a.    Lease Operating Agreement dated July 1, 1981;

b.    Unit Agreement dated February 15, 1985;

c.    Rocky Point Unit Operating Agreement dated February 1, 1985.

LEASE:

    A.    Oil and Gas Lease dated July 1, 1981 from Bureau of Land Management to
Chevron U.S.A. Inc. and Phillips Petroleum Company bearing Serial No.
OCS-P 0451.

INSOFAR AND ONLY INSOFAR AS SAID LEASE AND INTEREST COVERS THE FOLLOWING DESCRIBED LAND:

    The E/2 of Block 465, All that portion seaward of the three geographical mile line,
OCS Official Protraction Diagram NI 10-6 Santa Maria (CA 3-1055).

Subject to the following:

a.    Offset Development Well and Linewell Agreement dated September 12, 1988 between Chevron, Phillips and Union Pacific Corp.;

b.    Unit Operating Agreement dated February 1, 1985 between Chevron, operator and Phillips and Champlin, as non-operators, covering the Rocky Point Unit;

c.    Unit Agreement dated February 1, 1985 between Chevron, Phillips and Champlin covering the Rocky Point Unit;

d.    Letter Agreement dated February 1, 1985 between Chevron, Champlin and Phillips amending the Unit Operating Agreement of Rocky Point Unit.

III.

| PROPERTY NAME | Working Interest | Net Revenue Interest |
|---|---|---|
| Point Arguello Unit | .06065210 | .04842500 |

All of the Seller's right title and interest in and to the leasehold estate created by the following described oil and gas leases:

    A.    Oil and Gas Lease dated July 1, 1981 from Bureau of Land Management
To Chevron U.S.A. Inc. and Phillips Petroleum Company bearing

Serial No. OCS-P 0451.

INSOFAR AND ONLY INSOFAR AS SAID LEASE AND INTEREST COVERS THE FOLLOWING DESCRIBED LAND:

> The W/2 of Block 465, All that portion seaward of the three geographical mile line, OCS Official Protraction Diagram NI 10-6 Santa Maria (CA 3-1055).

B.  Oil and Gas Lease dated September 1, 1979 from Bureau of Land Management to Chevron U.S.A. Inc., Phillips Petroleum Company, Champlin Petroleum Company and ICI Delaware Inc. bearing
Serial No. OCS-P 0316.

INSOFAR AND ONLY INSOFAR AS SAID LEASE AND INTEREST COVERS THE FOLLOWING DESCRIBED LAND:

> All of Block 55N-84W, OCS Leasing Map, Channel Island Area, CAL-Map No. 64 (CA 300316).

WELLS:

> A-1, A-2, A-3, A-4, A-5, A-6, A-7, A-8, A-9, A-10, A-11, A-12, A-13, A-14, A-15, A-16, A-16WB01, A-17, A-18, A-18WB01, A-19, B-1, B-1WB01, B-2, B-2WB01, B-3, B-6, B-8, B-9, B-9WB01, B-10, B-11, B-12, B-13, B-14, B-15, B-16, B-17, B-18, C-1, C-2, C-3, C-4, C-5, C-7, C-8, C-9, C-10, and C-11.

Subject to the following:

a.  Offset Development Well and Linewell Agreement dated September 12, 1988 between Chevron, Phillips and Union Pacific Corp.;

b.  Unit Operating Agreement dated February 1, 1985 between Chevron, operator and Phillips and Champlin, as non-operators, covering the Rocky Point Unit;

c.  Unit Agreement dated February 1, 1985 between Chevron, Phillips and Champlin covering the Rocky Point Unit;

d.  Letter Agreement dated February 6, 1985 between Chevron, Champlin and Phillips amending the Unit Operating Agreement of Rocky Point Unit;

e.  Operating Agreement dated July 1, 1979 between Chevron, operator and Phillips and Champlin as non-operators, covering all of Block 55N-84W and the Hermosa Platform;

f.  Unit Agreement for Outer Continental Shelf Exploration, development and Production Operations on the Point Arguello Unit dated effective October 1, 1996 between Chevron U.S.A., operator and Phillips Petroleum, Whiting Petroleum, Texaco Exploration and Production, Sun Operating Limited Partnership, Pennzoil Exploration and Production, Koch Industries, and Oxbow Energy parts of Blocks 55N, 84W and 55N, 85W, Channel Islands Area and Parts of Blocks 464 and 465, Santa Maria Basin Area, Offshore California.