**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELTA PETROLEUM, et al., | ) | Case No. 11-14006 (KJC) |
| | ) | |
| Debtors. | ) | |
| | ) | |
| DELTA PETROLEUM | ) | Adv. Case No. 12-50876 (KJC) |
| GENERAL RECOVERY TRUST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROGER PARKER and | ) | |
| DELIA PARKER, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION OF DELIA PARKER TO EXTEND THE TIME TO ANSWER OR**
**OTHERWISE PLEAD WITH RESPECT TO THE COMPLAINT**

Delia Parker ("Ms. Parker"), by and through her undersigned counsel, hereby respectfully moves (the "Motion") for entry of an order pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") extending the deadline by which she may respond to the complaint (the "Complaint") filed by Delta Petroleum General Recovery Trust (the "Plaintiff") in the above-captioned adversary proceeding, and in support thereof, states as follows:

**BACKGROUND**

1. The Plaintiff filed the Complaint in this adversary proceeding on September 21, 2012. The summons was dated September 25, 2012.

2. Thereafter, Ms. Parker undertook to research the Complaint in an attempt to ascertain what action was required. She sought to engage Delaware counsel, and on or about

October 24, 2012, she engaged undersigned counsel. The engagement occurred one day prior to the deadline to respond to the Complaint.

3. Ms. Parker's counsel promptly contacted Plaintiff's counsel to request an extension to the answer deadline. Plaintiff's counsel was unwilling to extend Ms. Parker's deadline to respond without an agreement from Roger Parker that he would also delay filing his response to whatever date the extension was granted in order to keep the adversary, as it relates to the two defendants, on the same scheduling track.

4. Ms. Parker and Roger Parker are no longer married. They are identified as separate defendants in the Complaint, and have retained different counsel in the adversary proceeding.

5. A pre-trial conference has not been scheduled, and no scheduling order has been entered in the adversary proceeding.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue for the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## RELIEF REQUESTED

7. Pursuant to the Bankruptcy Rule 9006, Ms. Parker hereby moves for an extension of time through and including November 26, 2012, of the deadline by which she must answer or otherwise plead respecting the Complaint.

8. Bankruptcy Rule 9006(b) provides that the Court can extend time periods as follows:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given

>   thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefore is made before the expiration of the period originally prescribed or as extended by a previous order[.]

Fed. R. Bankr. P. 9006(b)(1).

9. The deadline to answer or otherwise respond to the Complaint has not passed. The extension requested in this Motion will allow Ms. Parker time to discuss her response with counsel. Although Plaintiff has expressed concern with having different deadlines for the two defendants in this adversary proceeding, Plaintiff has brought substantially similar suits against other defendants. Plaintiff has not expressed concern with different response deadlines for those adversary proceedings compared to this adversary proceeding. Accordingly, any prejudice suffered from different response deadlines is inherent in bringing suit against multiple defendants. Moreover, no scheduling order has been entered in the adversary proceeding, and the extension will not unduly delay resolution of the proceeding.

10. WHEREFORE, Ms. Parker respectfully request that the Court enter an order extending her deadline to answer or otherwise plead respecting the Complaint through and including November 26, 2012, and granting such other and further relief as is just and equitable.

Dated: October 25, 2012　　　　　　　　　　WOMBLE CARLYLE SANDRIDGE
　　　　Wilmington, Delaware　　　　　　　　　　　& RICE, LLP

　　　　　　　　　　　　　　　　　　　　　*/s/ Ericka F. Johnson*
　　　　　　　　　　　　　　　　　　　　　Kevin J. Mangan (DE Bar No. 3810)
　　　　　　　　　　　　　　　　　　　　　Ericka F. Johnson (DE Bar No. 5024)
　　　　　　　　　　　　　　　　　　　　　222 Delaware Avenue, Suite 1501
　　　　　　　　　　　　　　　　　　　　　Wilmington, Delaware 19801
　　　　　　　　　　　　　　　　　　　　　Telephone: (302) 252-4320
　　　　　　　　　　　　　　　　　　　　　Facsimile: (302) 252-4330
　　　　　　　　　　　　　　　　　　　　　E-mail: kmangan@wcsr.com
　　　　　　　　　　　　　　　　　　　　　E-mail: erjohnson@wcsr.com

　　　　　　　　　　　　　　　　　　　　　Counsel to Delia Parker