# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| DELTA PETROLEUM, et al., | Case No. 11-14006 (KJC) |
| Debtors. | Jointly Administered |
| DELTA PETROLEUM GENERAL RECOVERY TRUST, | |
| Plaintiff, | Adv. Pro. No. 12-50876 (KJC) |
| v. | |
| ROGER PARKER and DELIA PARKER, | |
| Defendants. | |

**DELIA PARKER'S ANSWER TO COMPLAINT FOR AVOIDANCE OF INTERESTS AND RECOVERY OF PROPERTY OF THE ESTATE**

Delia Parker ("Defendant") by and through her undersigned attorneys, for her answer (the "Answer") to the complaint (the "Complaint") states as follows:

**SUMMARY OF ACTION**

1.  Paragraph 1 of the Complaint contains legal conclusions and does not contain any factual allegations that require an admission or denial by Defendant. To the extent an answer is required, Defendant denies the allegations in paragraph 1 of the Complaint.

2.  Paragraph 2 of the Complaint contains legal conclusions and does not contain any factual allegations that require an admission or denial by Defendant. To the extent an answer is required, Defendant denies the allegations in paragraph 2 of the Complaint.

1

3. Paragraph 3 of the Complaint contains legal conclusions and does not contain any factual allegations that require an admission or denial by Defendant. To the extent an answer is required, Defendant denies the allegations in paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. Defendant admits only that counts arising in or arising under the Bankruptcy Code are core proceedings. To the extent that any of the counts are determined to be non-core, Defendant does not consent to the entry of final judgment by the Bankruptcy Court. The remainder of the allegations contained in paragraph 4 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

5. The allegations contained in paragraph 5 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

6. The allegations contained in paragraph 6 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

7. The allegations contained in paragraph 7 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

## PARTIES

8. Defendant denies that Plaintiff is authorized to bring Counts II and III below. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding the Plan's creation and authorization of Delta Petroleum Trust to bring the

remaining counts asserted in the Complaint, and therefore, denies the same. Defendant otherwise admits the allegations in paragraph 8 of the Complaint.

9. Defendant admits the allegations contained in paragraph 9 of the Complaint.

## FACTUAL BACKGROUND

**A. The Bankruptcy Cases**

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, hence they are denied.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, hence they are denied.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, hence they are denied.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, hence they are denied.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, hence they are denied.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, hence they are denied.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint, hence they are denied.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint, hence they are denied.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, hence they are denied.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, hence they are denied.

20. Defendant admits that paragraph 20 of the Complaint contains a partial quotation of language contained in Section 10 of the Plan, but denies the remaining allegations contained in such paragraph.

21. Defendant admits that paragraph 21 of the Complaint contains a partial quotation of language contained in the Confirmation Order.

22. Defendant admits that the definitions for "Claim" and "Lien" as set forth in the Plan are quoted in the Complaint.

23. Defendant admits that paragraph 23 of the Complaint contains a partial quotation of language contained in Section 10 of the Plan, but denies the remaining allegations contained in such paragraph.

24. Defendant admits that paragraph 24 of the Complaint contains a partial quotation of the language contained in paragraph 19 of the Confirmation Order, but denies the remaining allegations contained in such paragraph.

**B.    Oil and Gas Leases and Overriding Royalty Interests**

25. Defendant admits that Delta executed an assignment to Roger Parker dated December 1, 1999, that conveyed a 1% overriding royalty interest in some of such offshore properties, in accordance with the terms thereof.  Defendant lacks knowledge or information sufficient for form a belief about the truth of the remaining allegations contained in paragraph 25 of the Complaint, hence they are denied.

26. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint, hence they are denied.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint, hence they are denied.

28. Defendant admits the allegations contained in paragraph 28 of the Complaint, except that Defendant denies that the assignment was a "purported" assignment.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

## COUNT I

### (Avoidance And Recovery Of The Parker ORRI Under Section 544(a)(3) And 550 Of the Bankruptcy Code)

30. Defendant hereby repeats and realleges the responses above to the allegations contained in paragraphs 1 through 29 of the Complaint.

31. Defendant admits paragraph 31 of the Complaint contains a partial quotation of some of the language of Bankruptcy Code section 544(a)(3).

32. Defendant admits that paragraph 32 of the Complaint contains a partial quotation of some of the language of Bankruptcy Code section 550(a).

33. Defendant denies that Roger Parker was required to record the Parker ORRI in any recording office for the purpose of providing potential bona fide purchasers with notice of such interest. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 33 of the Complaint, hence they are denied.

34. Defendant admits that the Parker ORRI, which was conveyed to Roger Parker by the December 1, 1999 assignment from Delta Petroleum Corporation, was a pre-petition transfer. Defendant lacks knowledge or information sufficient to form a belief about the remaining allegations contained in paragraph 34 of the Complaint, hence they are denied.

35. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint, hence they are denied.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in paragraph 37 of the Compliant.

## COUNT II

**(Declaration That The Parker ORRI, The Parker Assignment Agreement And Any Rights Arising Thereunder Were Stripped From The Underlying Leasehold Interest And, Therefore, the Parker ORRI, The Parker Assignment Agreement and Any Rights Arising Thereunder Are Not Enforceable Against The Reorganized Debtors Upon Consummation of the Plan Confirmed Under Bankruptcy Code Section 1141)**

38. Defendant hereby repeats and realleges the responses above to the allegations contained in paragraphs 1 through 37 of the Complaint.

39. Defendant admits paragraph 39 of the Complaint contains a partial quotation of some of the language of Bankruptcy Code section 1141(a).

40. Defendant admits paragraph 40 of the Complaint contains a quotation of the language of Bankruptcy Code sections 1141(b) and a partial quotation of the language of Bankruptcy Code section 1141(c).

41. Defendant admits learning of the Chapter 11 Cases, but denies learning of the matters of which Roger Parker had notice from Roger Parker, from the publication of the Bar Date Notice or otherwise. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 41 of the Complaint, hence they are denied.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint.

### Count III

**(Declaration That Defendant's Claims Against the Debtors' Estates For Payments Under The Parker ORRI and The Parker Assignment Agreement The Purported Post-Petition Parker Assignment Were Disallowed, Expunged And Discharged Upon Confirmation And Consummation Of The Plan By Virtue Of Failure To File A Proof Of Claim And The Plan Discharge Pursuant To Bankruptcy Code Section 1141)**

44. Defendant hereby repeats and realleges the responses above to the allegations contained in paragraphs 1 through 43 of the Complaint.

45. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint, hence they are denied.

46. Defendant admits that Defendant did not file a proof of claim in the Debtors' Chapter 11 cases, but denies the remaining allegations contained in paragraph 46 of the Complaint.

47. Defendant admits that paragraph 47 of the Complaint contains a quotation of the language from section 10.5 of the Plan.

48. Defendant admits that paragraph 48 of the Complaint contains a quotation of the language from section 10.10(a) of the Plan.

49. Defendant denies the allegations contained in paragraph 49 of the Complaint.

### COUNT IV

**(Unjust Enrichment And Clawback Of Debtors' Post-Petition Payments)**

50. Defendant hereby repeats and realleges the responses above to the allegations contained in paragraphs 1 through 49 of the Complaint.

51. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint, hence they are denied.

52. Defendant denies the allegations contained in paragraph 52 of the Complaint.

53. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the amount of Post-Petition Payments to Roger Parker contained in paragraph 53 of the Complaint, hence they are denied. The remaining allegations in paragraph 53 of the Complaint are denied.

54. Defendant denies the allegations contained in paragraph 54 of the Complaint.

## COUNT V

### (Post- Petition Fraudulent Transfers Under State Law)

55. Defendant hereby repeats and realleges the responses above to the allegations contained in paragraphs 1 through 54 of the Complaint.

56. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint, hence they are denied.

57. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint, hence they are denied.

58. Defendant denies the allegations contained in paragraph 58 of the Complaint.

## COUNT VI

### (Turnover Of The Post-Petition Payments And Any Subsequent Transfers Thereof Under Section 542(a) Of the Bankruptcy Code

59. Defendant hereby repeats and realleges the responses above to the allegations contained in paragraphs 1 through 58 of the Complaint.

60. Defendant admits that paragraph 60 of the Complaint contains a partial quotation of the language from Bankruptcy Code section 542(a).

61. Defendant denies the allegations contained in paragraph 61 of the Complaint.

62. Defendant denies the allegations contained in paragraph 62 of the Complaint.

63. Defendant denies the allegations contained in paragraph 63 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Debtors were not insolvent and did not become insolvent as a result of transfers to Defendant within the meaning of applicable state law at the time of the alleged transfers.

## THIRD AFFIRMATIVE DEFENSE

Debtors received a reasonably equivalent value in exchange for the alleged transfers.

## FOURTH AFFIRMATIVE DEFENSE

Counts II, III, IV, V, and VI are barred by estoppel, laches, unclean hands, waiver, and violations of the due process clause of the United States Constitution.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not the real party in interest and lacks standing to assert the claims contained in Counts II and III of the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

Counts II and III must be dismissed under Rule 19 of the Federal Rules of Civil Procedure for failure to join the reorganized Debtors as an indispensable party.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recovery of any funds paid to Defendant because the funds were paid by the Debtors as a mere conduit on behalf of Whiting Petroleum Corporation.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover any funds paid to Defendant because any funds paid by the Debtors to Defendant were the property of Defendant which were merely held in trust for Defendant by the Debtors.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover any funds paid by the Debtors to Defendant as such funds were ear marked for Defendant when paid to the Debtors by Whiting Petroleum Corporation.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover any funds paid by the Debtors to Defendant as such funds were not property of the Debtors' estates.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant was entitled to actual notice of the Bar Date Notice, which was not served on Defendant, and therefore, is not binding on Defendant.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant was entitled to actual notice of the Plan and Plan and Confirmation Hearing Notice, which were not served on Defendant, and therefore, the Plan and Confirmation Order are not binding on Defendant.

**WHEREFORE**, Defendant Delia Parker prays that this Court issue its Order dismissing all of Plaintiff's claims with prejudice, awarding said Defendant its reasonable attorneys' fees and costs incurred in the above-captioned action, and for such other and further relief as the Court may deem proper.

Dated: November 26, 2012  
      Wilmington, Delaware

WOMBLE CARLYLE SANDRIDGE  
      & RICE LLP

_/s/ Kevin J. Mangan_____  
Kevin J. Mangan (DE Bar No. 3810)  
Ericka F. Johnson (DE Bar No. 5024)  
222 Delaware Avenue, Suite 1501  
Wilmington, Delaware 19801  
Telephone: (302) 252-4320  
Facsimile: (302) 252-4330  
E-mail: kmangan@wcsr.com  
E-mail: erjohnson@wcsr.com

Counsel for Defendant Delia Parker