**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELTA PETROLEUM, et al., | : | Case No. 11-14006 (KJC) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |

| | | |
|---|---|---|
| DELTA PETROLEUM GENERAL RECOVERY TRUST and PAR PETROLEUM CORPORATION, | : | |
| | : | |
| Plaintiffs, | : | Adv. Pro. No. 12-50876 (KJC) |
| | : | |
| v. | : | |
| | : | |
| ROGER PARKER and DELIA PARKER, | : | |
| | : | |
| Defendants. | : | |

**DELIA PARKER'S ANSWER TO AMENDED COMPLAINT FOR AVOIDANCE
AND/OR DISCHARGE OF INTERESTS, ENFORCEMENT OF BAR DATE ORDER,
AND RECOVERY OF PROPERTY OF THE ESTATE**

Delia Parker ("Defendant") by and through her undersigned attorneys, for her answer (the

"Answer") to the amended complaint (the "Complaint") states as follows:

**SUMMARY OF ACTION**

1.      Paragraph 1 of the Complaint contains a summary of the relief sought by

Plaintiffs for which no response is required. To the extent a response is required or the summary

implies Plaintiffs are entitled to the relief sought in the complaint, the allegations are denied.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegation regarding how Roger Parker obtained rights and claims against the Debtors pursuant

to an assignment agreement from 1999 and therefore, denies the same.  Defendant admits to

WCSR 7621903v4

receiving an assignment of Roger Parker's interest under a 1999 assignment agreement after the

purported commencement date of the bankruptcy case pursuant to a divorce settlement.

2.      Paragraph 2 of the Complaint contains legal conclusions for which no response is

required. To the extent a response is required, the allegations are denied.  Defendant lacks

knowledge or information sufficient to form a belief as to the truth of the factual allegations in

paragraph 2 of the complaint and therefore, denies the same.

3.      Paragraph 3 of the Complaint contains legal conclusions for which no response is

required. Defendant lacks knowledge or information sufficient to form a belief as to the truth of

the factual allegations regarding actions taken by Roger Parker and therefore, denies the same.

Defendant admits that she did not file a proof of claim.

4.      Paragraph 4 of the Complaint contains legal conclusions for which no response is

required. To the extent a response is required, the allegations are denied.  Defendant lacks

knowledge or information sufficient to form a belief as to the truth of the factual allegations

regarding payments received by Roger Parker and therefore, denies the same.  Defendant admits

that she received payments during the post-petition period.

5.      Paragraph 5 of the Complaint states the relief sought by Plaintiffs for which no

response is required.  To the extent a response is required or the statement of relief sought

implies that Plaintiffs are entitled to such relief, the allegations are denied.

**JURISDICTION AND VENUE**

6.      Defendant admits only that counts arising in or arising under the Bankruptcy

Code are core proceedings.  To the extent that any of the counts are determined to be non-core,

Defendant does not consent to the entry of final judgment by the Bankruptcy Court.  The

remainder of the allegations contained in paragraph 6 of the Complaint state legal conclusions to

which no response is required.  To the extent a response is required, Defendant denies the allegations.

7.        The allegations contained in paragraph 7 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations.

8.        The allegations contained in paragraph 8 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations.

9.        The allegations contained in paragraph 9 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations.

10.        The allegations contained in paragraph 10 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations.

## PARTIES

11.        Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, hence they are denied.

12.        Defendant denies that Plaintiffs are authorized to bring Counts II and III below. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding the Plan's creation and authorization of Delta Petroleum Trust to bring the remaining counts asserted in the Complaint, and therefore, denies the same.  Defendant otherwise admits the allegations in paragraph 12 of the Complaint.

13.        Defendant admits the allegations contained in paragraph 13 of the Complaint.

**FACTUAL BACKGROUND**

**A.    The Bankruptcy Cases**

14.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, hence they are denied.

15.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, hence they are denied.

16.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint, hence they are denied.

17.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint, hence they are denied.

18.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, hence they are denied.

19.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, hence they are denied.

20.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, hence they are denied.

21.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, hence they are denied.

22.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint, hence they are denied.

23.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint, hence they are denied.

24.     Defendant admits that paragraph 24 of the Complaint contains a partial quotation of language contained in Section 10.1 of the Plan, but denies the remaining allegations contained in such paragraph.

25.     Defendant admits that paragraph 25 of the Complaint contains a quotation of language contained in paragraph 15 of the Confirmation Order.

26.     Defendant admits that the definitions for "Claim" and "Lien" as set forth in the Plan are quoted at paragraph 26 of the Complaint.

27.     Defendant admits that paragraph 27 of the Complaint contains a partial quotation of language contained in Section 10.3 of the Plan, but denies the remaining allegations contained in such paragraph.

28.     Defendant admits that paragraph 28 of the Complaint contains a quotation of the language contained in paragraph 19 of the Confirmation Order.

**B.      Oil and Gas Leases and Overriding Royalty Interests**

29.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint, hence they are denied.

30.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint, hence they are denied.

31.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint, hence they are denied.

32.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint, hence they are denied.

33.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint, hence they are denied.

34.     Defendant admits that Delta executed an assignment to Roger Parker dated December 1, 1999, that conveyed a 1% overriding royalty interest in some of such offshore properties, in accordance with the terms thereof.  Defendant lacks knowledge or information sufficient for form a belief about the truth of the remaining allegations contained in paragraph 34 of the Complaint, hence they are denied.

35.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint, hence they are denied.

36.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding payments remitted to Roger Parker contained in paragraph 36 of the Complaint, hence they are denied.  Defendant admits that the last payment made pursuant to the Parker ORRI was in July 2012, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 36 of the Complaint, hence they are denied.

37.     Defendant admits the allegations contained in paragraph 37 of the Complaint, except that Defendant denies that the assignment was a "purported" assignment.

38.     Paragraph 38 of the Complaint contains a summary of the relief sought by Plaintiffs for which no response is required. To the extent a response is required or the summary implies Plaintiffs are entitled to the relief sought in the complaint, the allegations are denied.

**COUNT I**

**(Avoidance And Recovery Of The Parker ORRI Under Section 544(a)(3)
And 550 Of the Bankruptcy Code)**

39.     Defendant hereby repeats and realleges each of the above paragraphs as though fully set forth here.

6

40.     Defendant admits paragraph 40 of the Complaint contains a partial quotation of some of the language of Bankruptcy Code section 544(a)(3), though it does contain a typographical error.

41.     Defendant admits that paragraph 41 of the Complaint contains a partial quotation of some of the language of Bankruptcy Code section 550(a).

42.     The allegations regarding the nature of the interest in paragraph 42 are legal conclusions for which no response is required.  To the extent a response is required, the allegations are denied. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 42 of the Complaint, hence they are denied.

43.     Paragraph 43 contains legal conclusions for which no response is required.  To the extent a response is required, the allegations are denied.

44.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 44 of the Complaint, hence they are denied.

45.     Paragraph 45 contains legal conclusions for which no response is required.  To the extent a response is required, the allegations are denied.

46.     Defendant denies the allegations contained in paragraph 46 of the Complaint.

## COUNT II

**(Declaration That The Parker ORRI, The Parker Assignment Agreement
And Any Rights Arising Thereunder Were Stripped From The Underlying
Leasehold Interest And, Therefore, the Parker ORRI, The Parker
Assignment Agreement and Any Rights Arising Thereunder Are Not
Enforceable Against The Reorganized Debtors Upon Consummation of the
Plan Confirmed Under Bankruptcy Code Section 1141)**

47.     Defendant hereby repeats and realleges each of the above paragraphs as though fully set forth here.

48.     Defendant admits paragraph 48 of the Complaint contains a partial quotation of some of the language of Bankruptcy Code section 1141(a).

49.     Defendant admits paragraph 49 of the Complaint contains a quotation of the language of Bankruptcy Code sections 1141(b) and a partial quotation of the language of Bankruptcy Code section 1141(c).

50.     Defendant admits paragraph 50 of the Complaint contains a quotation of the language from paragraph 45 of the Confirmation Order and that such language is similar, but not identical to section 10.5 of the Plan.

51.     Defendant admits paragraph 51 of the Complaint contains a quotation of the language from paragraph 53 of the Confirmation Order and that such language is similar to, but not identical to section 10.10(a) of the Plan.

52.     Defendant admits learning of the Chapter 11 Cases, but denies learning of the matters of which Roger Parker had notice from Roger Parker, from the publication of the Bar Date Notice or otherwise.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 52 of the Complaint, hence they are denied.

53.     The language of the Plan speaks for itself.  The allegations regarding the legal effect of the Plan language are legal conclusions for which no response is required.  To the extent a response is required, the allegations are denied.

54.     Defendant denies the allegations contained in paragraph 54 of the Complaint.

**Count III**

**(Declaration That Defendant's Claims Against the Debtors' Estates For
Payments Under The Parker ORRI and The Parker Assignment Agreement
The Purported Post-Petition Parker Assignment Were Disallowed,
Expunged And Discharged Upon Confirmation And Consummation Of The
Plan By Virtue Of Failure To File A Proof Of Claim And The Plan Discharge
Pursuant To Bankruptcy Code Section 1141)**

55.    Defendant hereby repeats and realleges each of the above paragraphs as though fully set forth here.

56.    Defendant admits that paragraph 56 contains a partial quotation of the language from the Bar Date Order, but denies any inference that the Bar Date Order bars Defendant's claims, if any.

57.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint, hence they are denied.

58.    Paragraph 58 contains legal conclusions for which no response is required.  To the extent a response is required, the allegations are denied.

59.    Defendant admits that Defendant did not file a proof of claim in the Debtors' Chapter 11 cases, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegation in paragraph 59, hence it is denied.

60.    Defendant admits that paragraph 60 of the Complaint contains a quotation of the language from paragraph 19 of the Bar Date Order, but denies any inference that the Bar Date Order discharges the Debtors from liability for Defendant's claims, if any.

61.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the Debtors' schedules contained in paragraph 61 of the Complaint, hence they are denied.  The remaining allegations in paragraph 61 contain legal

conclusions to which no response is required.  To the extent a response is required, they are denied.

62.     Defendant denies the allegations contained in paragraph 62 of the Complaint.

## COUNT IV

### (Unjust Enrichment And Clawback Of Debtors' Post-Petition Payments)

63.     Defendant hereby repeats and realleges each of the above paragraphs as though fully set forth here.

64.     Paragraph 64 contains legal conclusions for which no response is required.  To the extent a response is required, the allegations are denied.

65.     Paragraph 65 contains legal conclusions for which no response is required.  To the extent a response is required, the allegations are denied.

66.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the amount of Post-Petition Payments to Roger Parker contained in paragraph 66 of the Complaint, hence they are denied.  The remaining allegations in paragraph 66 of the Complaint are denied.

67.     Defendant denies the allegations contained in paragraph 67 of the Complaint.

## COUNT V

### (Post- Petition Fraudulent Transfers Under State Law)

68.     Defendant hereby repeats and realleges each of the above paragraphs as though fully set forth here.

69.     Paragraph 69 contains legal conclusions for which no response is required.  To the extent a response is required, the allegations are denied.

70.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the amount of Post-Petition Payments to Roger Parker contained in paragraph 70 of the Complaint, hence they are denied.  The remaining allegations in paragraph 70 are legal conclusions for which no response is required.  To the extent a response is required, the allegations are denied.

71.      Defendant denies the allegations contained in paragraph 71 of the Complaint.

## COUNT VI

**(Avoidance and Recovery Of Post-Petition Payments, And Any Subsequent Transfers Thereof, Under Sections 549 And 550 Of The Bankruptcy Code)**

72.      Defendant hereby repeats and realleges each of the above paragraphs as though fully set forth here.

73.      Defendant admits that paragraph 73 contains a partial quotation of Bankruptcy Code section 549.

74.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding payments to Roger Parker contained in paragraph 74 of the Complaint, hence they are denied.  Defendant admits to receiving transfers of certain funds from Roger Parker, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the source of such funds.

75.      Paragraph 75 contains legal conclusions for which no response is required.  To the extent a response is required, the allegations are denied.

76.      Defendant denies the allegations contained in paragraph 76 of the Complaint.

## COUNT VII

**(Turnover Of The Post-Petition Payments And Any Subsequent Transfers Thereof Under Section 542(a) Of the Bankruptcy Code)**

77.     Defendant hereby repeats and realleges each of the above paragraphs as though fully set forth here.

78.     Defendant admits that paragraph 78 of the Complaint contains a partial quotation of the language from Bankruptcy Code section 542(a).

79.     Paragraph 79 contains legal conclusions for which no response is required.  To the extent a response is required, the allegations are denied.

80.     Defendant denies the allegations contained in paragraph 80 of the Complaint.

## COUNT VIII

**(Enforcement Of Debtors' Chapter 11 Plan Injunction)**

81.     Defendant hereby repeats and realleges each of the above paragraphs as though fully set forth here.

82.     The provisions of the Plan and Confirmation Order speak for themselves, but to the extent the Plaintiffs allege the legal effect of the Plan and Confirmation Order are consistent with the language of the Plan and Confirmation Order, such allegations are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

83.     The provisions of the Plan and Confirmation Order speak for themselves, but to the extent the Plaintiffs allege the legal effect of the Plan and Confirmation Order are consistent with the language of the Plan and Confirmation Order, such allegations are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

84.     The provisions of the Plan and Confirmation Order speak for themselves, but to the extent the Plaintiffs allege the legal effect of the Plan and Confirmation Order are consistent

with the language of the Plan and Confirmation Order, such allegations are legal conclusions to which no response is required.  The remaining allegations are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

85.    Defendant denies the allegations contained in paragraph 85 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Debtors were not insolvent and did not become insolvent as a result of transfers to Defendant within the meaning of applicable state law at the time of the alleged transfers.

## THIRD AFFIRMATIVE DEFENSE

Debtors received a reasonably equivalent value in exchange for the alleged transfers.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by estoppel, laches, unclean hands, waiver, and violations of the due process clause of the United States Constitution.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to recovery of any funds paid to Defendant because the funds were paid by the Debtors as a mere conduit on behalf of Whiting Petroleum Corporation.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to recover any funds paid to Defendant because any funds paid by the Debtors to Defendant were the property of Defendant which were merely held in trust for Defendant by the Debtors.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to recover any funds paid by the Debtors to Defendant as such funds were ear marked for Defendant when paid to the Debtors by Whiting Petroleum Corporation.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to recover any funds paid by the Debtors to Defendant as such funds were not property of the Debtors' estates.

## NINTH AFFIRMATIVE DEFENSE

Defendant was entitled to actual notice of the Bar Date Notice, which was not served on Defendant, and therefore, is not binding on Defendant.

## TENTH AFFIRMATIVE DEFENSE

Defendant was entitled to actual notice of the Plan and Plan and Confirmation Hearing Notice, which were not served on Defendant, and therefore, the Plan and Confirmation Order are not binding on Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

The Debtors were authorized by a court order to make post-petition transfers pursuant to the Parker ORRI.

## TWELFTH AFFIRMATIVE DEFENSE

The Complaint may be barred by some or all of the affirmative defenses contemplated by the Federal Rules of Bankruptcy Procedure and the Bankruptcy Code. The extent to which the Plaintiffs' claims may be barred cannot be determined until Defendant has had an opportunity to complete discovery and, therefore, to the extent not enumerated herein, Defendant incorporates all such affirmative defenses as if set forth fully herein.

### THIRTEENTH AFFIRMATIVE DEFENSE

Because the Complaint is couched in conclusory terms, Defendant cannot fully anticipate all affirmative defenses that may be applicable to the within action. Accordingly, Defendant reserves the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable.

### COUNTERCLAIMS AS TO PAR PETROLEUM CORPORATION
### JURISDICTION AND VENUE

1.      The Court has jurisdiction over this counterclaim (the "Counterclaim") pursuant to 28 U.S.C. §§ 157 and 1334.  The Counterclaim is a non-core matter and Defendant consents to entry of a final order or judgment by the Court.

2.      Venue is proper under 28 U.S.C. § 1409.

3.      This Court has jurisdiction over PAR Petroleum Corporation ("PAR") and the Counterclaim.

### PARTIES

4.      Upon information and belief, on the Effective Date of the Plan, Delta Petroleum Corporation emerged as PAR.

5.      Delia Parker is an individual who resides in Colorado.

## FACTUAL ALLEGATIONS

6.      Upon information and belief, Whiting delivered monies payable to Roger Parker pursuant to the Parker ORRI[1] to the Debtors, and subsequent to the Effective Date, to PAR, for distribution to Roger Parker and other overriding royalty owners.

7.      Roger Parker assigned the Parker ORRI to Defendant.

8.      The Debtors never disputed Roger Parker's ownership of the Parker ORRI or Roger Parker's entitlement to payment of  monies received on account thereof.

9.      The Debtors never disputed the validity of the assignment of the Parker ORRI to Defendant.

10.      The Debtors sought and obtained the Court's approval to pay amounts earned by Roger Parker from the Parker ORRI, whether such amounts were the result of amounts owed for his prepetition claim relating thereto, or for new, post-petition amounts arising from subsequent oil production.

11.      As of the Bar Date, no amount was due to Roger Parker or Defendant from the Debtors on account of the Parker ORRI.

12.      Upon information and belief, the Debtors paid monies due for subsequent oil production under the Parker ORRI to Roger Parker every month from the Petition Date through July 2012.

13.      Upon information and belief, as of the Effective Date, there was no money due to Roger Parker (or Defendant as a result of the Parker Assignment Agreement) under the Parker ORRI.

---

[1] Capitalized terms used in these factual allegations that are not defined herein, shall have the meanings ascribed such terms in the Complaint.

14.     Upon information and belief, some or all of the royalty payments paid to Roger Parker under the Parker ORRI was miscalculated and underpaid.

15.     PAR continues to receive payments from Whiting that under the Parker ORRI would be payable to Roger Parker (or Defendant as a result of the Parker Assignment Agreement).

16.     The last payment made to Roger Parker by the Debtors and/or PAR pursuant to the Parker ORRI to was in July 2012.

17.     There is no court order authorizing PAR to discontinue the payments of monies owed to Defendant.

18.     Upon information and belief, the Point Arguello properties continue to produce revenues from oil production to which Roger Parker (or Defendant as a result of the Parker Assignment Agreement) is entitled pursuant to the Parker ORRI.

19.     Nonetheless, PAR continues to refuse to transfer payments due under the Parker ORRI to Roger Parker or Defendant.

## COUNTERCLAIM I
### (Declaratory Judgment)

20.     Defendant repeats and realleges paragraphs1 through 19 as though fully set forth herein.

21.     An actual controversy has arisen and now exists between PAR and Defendant because after July 2012 PAR stopped making payments to Defendant under the Parker ORRI and there is a dispute as to the right to payments due under the Parker ORRI.

22.     After July 2012 and every month thereafter, PAR has received monies from Whiting which, as a result of the Parker Assignment Agreement, belongs to Defendant.

17

23.     Defendant seeks a judicial determination that if the Parker ORRI is not avoided or discharged through this proceeding, then the funds due under the Parker ORRI are Defendant's property and PAR must immediately turnover to Defendant all withheld funds together with interest from the first date that payments to the Defendant ceased and any other damages to which Defendant may be entitled.  Defendant also requests that the Court enter an order declaring the proper calculation for payments under the Parker ORRI from the Effective Date forward.

## COUNTERCLAIM II
### (Conversion)

24.     Defendant repeats and realleges paragraphs1 through 19 as though fully set forth herein.

25.     As a result of the Parker ORRI and Parker Assignment Agreement, Defendant had and has an interest in the monies distributed to PAR from Whiting and should be in possession of such monies.

26.     PAR's wrongful and intentional acts of refusing and failing to distribute monies it received from Whiting to Roger Parker and/or Defendant constitutes unlawful dominion or control over Defendant's property with the intent to permanently deprive her of the benefits and use thereof.

27.     PAR's acts willful acts deprived Defendant of possession and use of the monies to which Defendant is entitled pursuant to the Parker ORRI and Parker Assignment Agreement.

28.     Defendant has been and will continue to be damaged by PAR's wrongful acts.

29.     Defendant has been damaged in an amount to be determined at trial – but at least for the monthly amounts due under the Parker ORRI since July 2012 – in addition to any other damages to which Defendant may be entitled as a result of PAR's conversion.

## COUNTERCLAIM III
### (Restitution for Unjust Enrichment)

30.    Defendant repeats and realleges paragraphs1 through 19 as though fully set forth herein.

31.    PAR continues to receive monies from Whiting that under the Parker ORRI and Parker Assignment Agreement would be payable to Defendant.

32.    PAR has received a benefit at the expense of Defendant.

33.    It is unjust for PAR to retain the benefit of the monies it received from Whiting for distribution to Defendant pursuant to the Parker ORRI and Parker Assignment Agreement.

34.    Defendant has been damaged as a result of PAR's unjust refusal to pay Defendant under the Parker ORRI Parker Assignment Agreement for the monies PAR received from Whiting.

35.    The Court should award Defendant restitution damages due to injuries suffered for failure of PAR to pay Defendant, as a result of the Parker Assignment Agreement, monies due under the Parker ORRI.

**WHEREFORE**, Defendant Delia Parker respectfully requests that (i) judgment be entered for her, dismissing the Complaint with prejudice, (ii) the Court grant Ms. Parker the relief sought in the above counterclaims including awarding Ms. Parker damages, pre- and post-judgment interest, and all attorneys' fees, costs, and disbursements allowed by law; and the Court grant (iii) such other and further relief as this Court deems just and proper.

Dated: January 18, 2013
      Wilmington, Delaware

WOMBLE CARLYLE SANDRIDGE
& RICE LLP

/s/ Ericka F. Johnson
Kevin J. Mangan (DE Bar No. 3810)
Ericka F. Johnson (DE Bar No. 5024)
222 Delaware Avenue, Suite 1501
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
E-mail: kmangan@wcsr.com
E-mail: erjohnson@wcsr.com

Counsel for Defendant Delia Parker