# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| DELTA PETROLUEM, et al., | Case No. 11-14006 (KJC) |
| Debtors. | Jointly Administered |
| DELTA PETROLEUM GENERAL RECOVERY TRUST, and PAR PETROLEUM CORPORATION, | Adv. Pro No. 12-50876 (KJC) |
| Plaintiffs, | |
| v. | |
| ROGER PARKER and DELIA PARKER, | |
| Defendants. | |

**ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT FOR AVOIDANCE AND/OR DISCHARGE OF INTERESTS, ENFORCEMENT OF BAR DATE ORDER, AND RECOVERY OF PROPERTY OF THE ESTATE**

Roger Parker ("Defendant") by and through his attorneys, for his Answer to the Amended Complaint ("Complaint") in this proceeding, states and alleges as follows:

**SUMMARY OF ACTION**

1. Paragraph 1 of the Complaint contains no factual or legal allegations to which a response is necessary or required. Nevertheless, Defendant denies the factual and legal conclusions contained in Plaintiffs' purported summary of this proceeding.

7491492 v2

2.      Paragraph 2 of the Complaint contains no factual or legal allegations to which a response is necessary or required.  Nevertheless, Defendant denies the factual and legal conclusions contained in Plaintiffs' purported summary of this proceeding.

3.      Paragraph 3 of the Complaint contains no factual or legal allegations to which a response is necessary or required.  Nevertheless, Defendant denies the factual and legal conclusions contained in Plaintiffs' purported summary of this proceeding.

4.      Paragraph 4 of the Complaint contains no factual or legal allegations to which a response is necessary or required.  Nevertheless, Defendant denies the factual and legal conclusions contained in Plaintiffs' purported summary of this proceeding.

5.      Paragraph 5 of the Complaint contains no factual or legal allegations to which a response is necessary or required.  Nevertheless, Defendant denies the factual and legal conclusions contained in Plaintiffs' purported summary of this proceeding.

**JURISDICTION AND VENUE**

6.      Defendant admits that counts arising in or arising under the Bankruptcy Code are core proceedings.  To the extent that any of the counts are determined to be non-core, Defendant consents to the entry of final judgment by the Bankruptcy Court.  Defendant admits the remaining allegations contained in paragraph 6 of the Complaint.

7.      Defendant admits the allegations contained in paragraph 7 of the Complaint, as to him, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in such paragraph and the same are therefore deemed denied.

8. Defendant admits the allegations contained in paragraph 8 of the Complaint, as to him, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in such paragraph and the same are therefore deemed denied.

9. Defendant admits the allegations contained in paragraph 9 of the Complaint as to him, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in such paragraph and the same are therefore deemed denied.

10. Defendant admits the allegations contained in paragraph 10 of the Complaint, as to him, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in such paragraph and the same are therefore deemed denied.

## PARTIES

11. Defendant admits the allegations contained in paragraph 11 of the Complaint.

12. Except for the allegations contained in the last sentence of paragraph 12 of the Complaint, Defendant admits the allegations contained in paragraph 12 of the Complaint. Defendant denies that such Plaintiff is authorized to bring Counts II and III below.

13. Defendant admits the allegations contained in paragraph 13 of the Complaint.

## FACTUAL BACKGROUND

A. **The Bankruptcy Cases**

14. Defendant admits the allegations contained in paragraph 14 of the Complaint.

15. Defendant admits the allegations contained in paragraph 15 of the Complaint.

16. Defendant admits the allegations contained in paragraph 16 of the Complaint.

7491492 v2

17. Defendant admits that the Bar Date Notice was filed on February 14, 2012, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 17 of the Complaint and the same are therefore deemed denied.

18. Defendant admits that the Plan and Confirmation Hearing Notice was filed on July 6, 2012, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 18 of the Complaint and the same are therefore deemed denied.

19. Defendant admits that the Plan and an Amended Disclosure Statement were filed on August 13, 2012, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 19 of the Complaint and the same are therefore deemed denied.

20. Defendant admits the allegations contained in paragraph 20 of the Complaint.

21. Defendant admits the allegations contained in paragraph 21 of the Complaint.

22. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 22 of the Complaint and the same are therefore deemed denied.

23. Defendant admits that the Effective Date Notice was filed on August 31, 2012, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 23 of the Complaint and the same are therefore deemed denied.

24. Defendant admits that paragraph 24 of the Complaint contains a partial quotation of some of the language contained in Section 10.1 of the Plan, but denies the remaining allegations contained in such paragraph.

25. Defendant admits that paragraph 25 of the Complaint contains a quotation from paragraph 15 of the Confirmation Order, but denies all other allegations contained in such paragraph.

26. Defendant admits the allegations contained in paragraph 26 of the Complaint.

27. Defendant admits the allegations contained in paragraph 27 of the Complaint.

28. Defendant admits that paragraph 28 of the Complaint contains a partial quotation of the language contained in paragraph 19 of the Confirmation Order, but denies the remaining allegations contained in such paragraph.

**B.    Oil and Gas Leases and Overriding Royalty Interests**

29. Defendant admits that Delta Petroleum Corporation ("Delta") owned and/or operated natural gas and crude oil producing assets and held leasehold interests (the "Leases") in certain lands that contain oil and gas producing wells. Defendant admits that some of the Leases in which Delta had an ownership interest included certain offshore oil and gas leases on the outer continental shelf of the United States. Defendant admits that Whiting Petroleum delivered an Assignment and Conveyance dated December 1, 1999 ("NOI") of property described as a net operating interest in or relating to some offshore oil and gas properties, a sample copy of which is part of Exhibit C to the Complaint. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 29 of the Complaint and the same are therefore deemed denied.

30. Defendant admits that Delta and Whiting entered into a purchase agreement ("Purchase Agreement") relating to some or all of the property described in the NOI that is attached to the Complaint as part of Exhibit A. Defendant also admits that on or about

5

August 25, 1999, Whiting and Delta entered into an amendment to the Purchase Agreement ("Amendment") which is attached to the Complaint as part of Exhibit B.  Defendant admits that Whiting did not convey legal ownership of the OCS Leases to Delta.  Defendant admits that Whiting conveyed the NOI to Delta.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 30 of the Complaint and the same are therefore deemed denied.

31. Defendant admits that Delta received the NOI pursuant to the Purchase and Agreement dated June 8, 1999 and Amendment dated effective June 8, 1999.  Defendant also admits that the Purchase Agreement and Amendment are described in an SEC form 8-K/A, which is attached to the Complaint as Exhibit B.  Defendant denies the remaining allegations contained in paragraph 31 of the Complaint.

32. Defendant admits that the NOI was a conveyance of property to Delta, as described therein.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 32 of the Complaint and the same are therefore deemed denied.

33. Defendant admits that in connection with Delta's acquisition of the NOI, immediately thereafter Delta executed and delivered to Defendant a 1% overriding royalty interest dated December 1, 1999, ("PARKER ORRI"), a copy of which is attached to the Complaint as Exhibit D.  Defendant denies the remaining allegations contained in paragraph 33 and affirmatively states that the PARKER ORRI speaks for itself.

34. Defendant admits that Delta executed and delivered to Defendant the PARKER ORRI.  Defendant admits that under California law, an overriding royalty interest is an interest in

real property.  Defendant also admits that the PARKER ORRI was conveyed out of the property acquired by Delta from Whiting pursuant to the NOI.  Defendant denies all other allegations contained in paragraph 34 of the Complaint.

35. Defendant admits that for almost 13 years prior to the Petition Date, Delta remitted to Defendant the amounts due to Defendant as a result of his ownership of the PARKER ORRI.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 35 of the Complaint and the same are therefore deemed denied.

36. Defendant admits that subsequent to the Petition Date, Delta continued to remit to Defendant some of the amounts Delta determined to be owing to Defendant as a result of his ownership of the PARKER ORRI (the "Parker 1% Payments").  Defendant denies all other allegations contained in paragraph 36 of the Complaint.

37. Defendant admits the allegations contained in paragraph 37 of the Complaint, except that he denies that the assignment was a "purported" assignment.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint.

## COUNT I

39. For his response to paragraph 39 of the Complaint, Defendant hereby repeats and realleges his responses above to the allegations as though fully set forth herein.

40. Defendant admits paragraph 40 of the Complaint contains a quotation from Section 544(a)(3) of the Bankruptcy Code, albeit with a typographical error.

7491492 v2

41.     Defendant admits that paragraph 41 of the Complaint contains a partial quotation of some of the language of Section 550(a), but denies all other allegations contained in such paragraph.

42.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint and the same are therefore deemed denied.

43.     Defendant denies that he was required to record the PARKER ORRI in any recording office for the purpose of providing potential bona fide purchasers with notice of such interest.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 43 of the Compliant and the same are therefore deemed denied.

44.     Defendant admits that the PARKER ORRI was not recorded in the Santa Barbara County, California recording office prior to the Petition Date, but denies all other allegations contained in paragraph 44 of the Complaint.

45.     Defendant denies the allegations contained in paragraph 45 of the Complaint.

46.     Defendant denies the allegations contained in paragraph 46 of the Compliant.

## COUNT II

47.     For his response to paragraph 47 of the Complaint, Defendant hereby repeats and realleges his responses above to the allegations as though fully set forth herein.

48.     Defendant admits the quoted language contained in paragraph 48 of the Complaint is part of the language of 11 U.S.C. § 1141(a) of the Bankruptcy Code.

49.     Defendant admits the allegations contained in paragraph 49 of the Complaint.

50. In response to paragraph 50 of the Complaint, Defendant states that the Confirmation Order and the Plan speak for themselves and specifically states that the two documents are not identical.

51. In response to paragraph 51 of the Complaint, Defendant states that the Confirmation Order and the Plan speak for themselves and specifically states that the two documents are not identical.

52. Defendant admits that he received the Bar Date Notice, Plan and Confirmation Date Notice and Effective Date Notice, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 52 of the Complaint and the same are therefore deemed denied.

53. Defendant denies the allegations contained in paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in paragraph 54 of the Complaint.

## COUNT III

55. For his response to paragraph 55 of the Complaint, Defendant hereby repeats and realleges his responses above to the allegations as though fully set forth herein.

56. Defendant admits the allegations contained in paragraph 56 of the Complaint.

57. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint and the same are therefore deemed denied.

58. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Complaint and the same are therefore deemed denied.

59. Defendant admits that Defendant did not file a proof of claim in the Debtors' Chapter 11 cases, but denies the remaining allegations contained in paragraph 59 of the Complaint.

60. Defendant admits the allegations contained in paragraph 60 of the Complaint.

61. Defendant admits that Debtor's schedules filed with the Court and dated January 6, 2012, listed Defendant as a creditor and indicated that the amount of his pre-petition claim was unliquidated because the amount was unknown.  Defendant denies that Bankruptcy Rule 3003(c)(2) has any application or relevance to him since to the extent that Defendant had a pre-petition claim, such claim was later liquidated and paid by the Debtors before the Bar Date.  The reason Defendant could not vote on the Plan or receive a distribution is because he did not have a pre-petition claim.  Defendant also denies that Plaintiffs properly state the language of Bankruptcy Rule 3003(c)(2).

62. Defendant denies the allegations contained in paragraph 62 of the Complaint.

### COUNT IV

63. For his response to paragraph 63 of the Complaint, Defendant hereby repeats and realleges his responses above to the allegations as though fully set forth herein.

64. Paragraph 64 of the Complaint makes legal conclusions to which no response is required.  To the extent a response is required Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Complaint and the same are therefore deemed denied.

65. Defendant denies the allegations contained in paragraph 65 of the Complaint.

7491492 v2

66. Defendant admits that from the Petition Date to the Effective Date, Delta paid $66,555.32 to Defendant, but denies all other allegations contained in paragraph 66 of the Complaint.

67. Defendant denies the allegations contained in paragraph 67 of the Complaint.

## COUNT V

68. For his response to paragraph 68 of the Complaint, Defendant hereby repeats and realleges his responses above to the allegations as though fully set forth herein.

69. Paragraph 69 of the Complaint makes legal conclusions to which no response is required. To the extent a response is required Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint and the same are therefore deemed denied.

70. Defendant admits that from the Petition Date to the Effective Date, Debtor paid $66,555.32 to Defendant. Defendant denies the allegations contained in the second sentence of paragraph 70 of the Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 70 of the Complaint and the same are therefore deemed denied.

71. Defendant denies the allegations contained in paragraph 71 of the Complaint.

## COUNT VI

72. For his response to paragraph 72 of the Complaint, Defendant hereby repeats and realleges his responses above to the allegations as though fully set forth herein.

73. Defendant admits the allegations contained in paragraph 73 of the Complaint.

74. Defendant admits that Delta made payments of money belonging to Defendant during the Chapter 11 Cases to which Defendant was entitled under the PARKER ORRI. Defendant admits that he and Delia Parker had a property settlement as part of their divorce. Defendant denies all other allegations contained in paragraph 74 of the Complaint.

75. Defendant denies the allegations contained in paragraph 75 of the Complaint.

76. Defendant denies the allegations contained in paragraph 76 of the Complaint.

## COUNT VII

77. For his response to paragraph 77 of the Complaint, Defendant hereby repeats and realleges his responses above to the allegations as though fully set forth herein.

78. Defendant admits that the quoted language contained in paragraph 78 of the Complaint appears in the language of 11 U.S.C. § 542(a) of the Bankruptcy Code.

79. Defendant denies the allegations contained in paragraph 79 of the Complaint.

80. Defendant denies the allegations contained in paragraph 80 of the Complaint.

## COUNT VIII

81. For his response to paragraph 81 of the Complaint, Defendant hereby repeats and realleges his responses above as though fully set forth herein.

82. Defendant denies the allegations contain in paragraph 82 of the Complaint.

83. Defendant admits that section 10.3 of the Plan and paragraph 19 of the Confirmation Order contain provisions relating to the binding effect of the Plan, but denies all other allegations contained in paragraph 83 of the Complaint.

84. Defendant admits that section 10.10(a) of the Plan and paragraph 45 of the Confirmation Order contain provisions as set forth therein relating to an injunction, but denies

12

that such injunction is applicable to Defendant since he did not have any claim against the Debtors as of the Effective Date.

85. Defendant denies the allegations contained in paragraph 85 of the Complaint.

## AFFIRMATIVE DEFENSES

1. Any unpaid amounts which may have been owed to Defendant as of the Petition Date or as of Effective Date, because of oil and gas production relating to the PARKER ORRI, were paid by Debtors to Defendant before the Bar Date or before the Effective Date, respectively.

2. Debtors at no time informed Defendant or provided any notice in its Plan, its disclosure materials, other notices, or filings with the Bankruptcy Court, that it disputed Defendant's PARKER ORRI, or that the purpose or effect of the Plan was to convert his property.

3. None of the amounts paid by Delta to Defendant on account of the PARKER ORRI was paid under protest.

4. Defendant relied upon the payments of his pre and post-petition royalties by Delta when Defendant did not file a proof of claim, did not file a request for allowance of administrative claim, and did not participate in the Delta bankruptcy case.

5. Plaintiffs are not entitled to recover any funds paid by Delta to Defendant as Delta affirmatively sought and obtained the Court's permission to make the post-petition payments to Defendant.

6. Based upon the facts and events described in paragraphs 1 through 5 above, Counts II, III, IV, V, VI, VII and VIII are barred by estoppel, laches, unclean hands, waiver, and violations of the due process clause of the United States Constitution.

7. Based upon the facts and events described in paragraphs 1 through 5 above, it would be inequitable and against public policy for the Plaintiffs to recover any sums based upon actions that Defendant was induced not to take as a result of the payments voluntarily and without objection made by Delta to Defendant.

8. Plaintiffs are not entitled to recover any funds paid to Defendant because the funds were paid by Delta as a mere conduit on behalf of Whiting Petroleum Corporation.

9. Plaintiffs are not entitled to recover any funds paid to Defendant because any funds paid by Delta to Defendant were the property of Defendant which were merely held in trust for Defendant by Delta.

10. Plaintiffs are not entitled to recover any funds paid by Delta to Defendant as such funds were ear marked for Defendant when paid to Delta by Whiting.

11. Plaintiffs are factually and judicially estopped from denying that the PARKER ORRI is an interest in real property.

12. The PARKER ORRI is not and was not property of the estate under 11 U.S.C. §541.

13. The Complaint fails to state any claim upon which relief can be granted.

**WHEREFORE**, Defendant ROGER PARKER prays that this Court issue its Order dismissing all of Plaintiffs' claims with prejudice, awarding said Defendant his reasonable attorney's fees and costs incurred in the above-captioned action, and for such other and further relief as the Court may deem proper.

Dated:  January 18, 2013

                                                **BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

By:  */s/ Raymond H. Lemisch*
Raymond H. Lemisch, Esquire (No. 4204)
222 Delaware Avenue, Suite 801
Wilmington, DE 19801
(302) 442-7010 telephone
(303) 442-7012 facsimile
rlemisch@beneschlaw.com

- and -

Barry L. Wilkie, Esq.
Stuart N. Bennett, Esq.
**JONES & KELLER, P.C**
1999 Broadway, Suite 3150
Denver, CO  80202
(303) 573-1600 telephone
(303) 573-8133 facsimile

*Counsel to Roger Parker*

15

7491492 v2