IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>DELTA PETROLEUM CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 11-14006 (KJC)<br><br>(Jointly Administered) |
| DELTA PETROLEUM GENERAL RECOVERY TRUST AND<br>PAR PATROLEUM CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>ROGER PARKER AND<br>DELIA PARKER,<br><br>Defendants. | Adv. Pro. Case No. 12-50876 (KJC) |

**MOTION FOR ORDER LIFTING STAY OF ADVERSARY PROCEEDING
NO. 12- 50876 AS AGAINST DELIA PARKER**

Delta Petroleum General Recovery Trust ("Delta Petroleum Trust") and Par Petroleum Corporation ("Par Petroleum") and its affiliates (each a "Delta Reorganized Debtor," and together with Delta Petroleum Trust, "Delta Petroleum"), file this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**, lifting the stay of the above-captioned adversary proceeding as provided in the *Order Approving Stipulation Staying Adversary Proceeding No. 12-50876 as Against Delia Parker* (Adv. D.I. 39) to allow litigation

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Delta Petroleum Corporation (0803), DPCA LLC (0803), Delta Exploration Company, Inc. (9462), Delta Pipeline, LLC (0803), DLC, Inc. (3989), CEC, Inc. (3154), Castle Texas Production Limited Partnership (6054), Amber Resources Company of Colorado (0506), and Castle Exploration Company, Inc. (9007). The Debtors' headquarters are located at: 1301 McKinney, Suite 2025, Houston, Texas 77010.

between Delta Petroleum and Delia Parker to proceed. In support of the Motion, Delta Petroleum respectfully represents as follows:

### Jurisdiction and Venue

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

2. On December 16, 2011, Delta Petroleum Corporation and certain of its affiliates ("Old Delta"), each commenced a voluntary case under chapter 11 of title 11 of the United States Code in this Court (the "Petition Date", except in the case of Castle Exploration Company, Inc., for which "Petition Date" shall mean January 6, 2012).[2]

3. Prior to the Petition Date, Old Delta owned and operated natural gas and crude oil producing assets and held interests in leases in certain lands that contain oil and gas producing wells. Among those leases were certain offshore oil and gas leases on the outer continental shelf of the United States, including interests in certain oil and gas leases located off the coast of Santa Barbara, California (the "Leases").

4. In connection with Old Delta's acquisition of the Leases, in December 1999, Old Delta executed assignments to certain parties, including assignments to Roger Parker, the now ex-husband of Delia Parker (the "Parker Assignment"), the BWAB Limited Liability Company (the "BWAB Assignment"), and Aleron Larson, Jr. (the "Larson Assignment," and together with the Parker Assignment and the BWAB Assignment, the "1999 Assignments"). The 1999 Assignments each created non-operating overriding royalty interests in a specified

---

[2] *In re Delta Petroleum Corp., et al.*, Case No. 11-14006 (KJC) (Bankr. D. Del.).

percentage of certain "oil and gas leases and lands" that burdened the oil, gas, and other leased minerals produced, saved, and sold from or allocated to the lands covered by the Leases, free and clear of certain expenses. The 1999 Assignments are substantially identical.

### The BWAB LLC, Larson, and Parker Adversary Proceedings

5. On August 16, 2012, this Court entered the Confirmation Order[3] confirming the *Third Amended Joint Chapter 11 Plan of Reorganization of Delta Petroleum Corporation and its Affiliates* (the "Plan").[4] Under the Plan, upon the Effective Date (as defined herein) Delta emerged from chapter 11 as Par Petroleum, one of the Delta Reorganized Debtors.

6. Also in conjunction with the Plan, this Court authorized the formation of the Delta Petroleum Trust, a general recovery trust created for the benefit of the Delta Reorganized Debtors. The Delta Petroleum Trust was formed to liquidate certain trust assets and object to, settle, or compromise any disputed claims for the benefit of the Delta Reorganized Debtors.

7. On August 31, 2012 (the "Effective Date"), the Plan became effective, and all of Old Delta's assets, including the Leases, vested either to certain recovery trusts, including Delta Petroleum Trust, or to the Delta Reorganized Debtors free and clear of all claims and liens.

8. In late September 2012, Delta Petroleum filed separate complaints against Roger Parker and Delia Parker, as co-defendants (the "Parker Action"), BWAB, LLC (the "BWAB Action"),[5] and Aleron Larson, Jr. (the "Larson Action")[6] initiating separate adversary

---

[3] *Findings of Fact, Conclusions of Law, and Order Confirming the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization.* (D.I. 925).

[4] *Third Amended Joint Chapter 11 Plan of Reorganization of Delta Petroleum Corporation and its Debtor Affiliates.* (D.I. 885).

[5] *Delta Petroleum General Recovery Trust v. BWAB Limited Liability Company*, Adv. Pro. No. 12-50898 (KJC) (Bankr. D. Del.).

3

proceedings against each defendant. As this Court knows, in each complaint, Delta Petroleum sought, among other things, a determination that, upon the Effective Date, the Leases transferred to the Delta Reorganized Debtors free and clear of the interests granted in the 1999 Assignments.

9. In the Parker Action, both Roger and Delia Parker answered the complaint (the "Complaint"). *See* Adv. D.I. 7, 20. On January 4, 2013, Delta Petroleum filed an amended complaint (the "Amended Complaint"). Adv. D.I. 25. And on January 18, 2013, both Roger and Delia Parker answered the amended complaint. *See* Adv. D.I. 29, 30.

10. On June 23, 2012, post-petition, but before the commencement of the Parker Action, Roger Parker assigned his interest in the Parker Assignment to Delia Parker. *See* Complaint, Adv. D.I. 1 at 10; Roger Parker Answer, Adv. D.I. 7 at 5; Delia Parker Answer, Adv. D.I. 20 at 5. In their respective answers to the complaint, both Roger and Delia Parker admit the allegations contained in paragraph 28 of the Complaint. Paragraph 28 provides that "Roger Parker purportedly assigned the Parker ORRI[7] to his ex-wife, Defendant Delia Parker pursuant to a divorce settlement . . . . executed on June 23, 2012." Complaint, Adv. D.I. at 1. Further, in their answers to the Complaint, Roger and Delia Parker each state that they "deny the assignment was a 'purported' assignment," thereby affirming the assignment's validity.[8] Roger Parker Answer, Adv. D.I. 7 at 5; Delia Parker Answer, Adv. D.I. 20 at 5. And Delia Parker's answer to the Amended Complaint provides that "[She] admits to receiving an assignment of Roger

---

[6] *Delta Petroleum General Recovery Trust v. Larson*, Adv. Pro. No. 12-50877 (KJC) (Bankr. D. Del.).

[7] "Parker ORRI" and "Parker Assignment" are synonymous terms.

[8] Both Roger and Delia Parker admit the same allegation in their respective answers to Delta Petroleum's Amended Complaint. *See* Adv. D.I. 29 at 6; Adv. D.I. 30 at 7. Additionally, Roger Parker did not list the Parker ORRI in the schedules and statements in his individual chapter 11 case. *See* Case No. 13-10897 (EBB), D.I. 33 at 17, Schedule A listing all "Non-Producing Oil and Gas Interests – Overriding Royalty Interests," and not including the Parker ORRI.

4

Parker's interest under a 1999 assignment agreement after the purported commencement date of the bankruptcy case pursuant to a divorce settlement." Adv. D.I. 29 at 1-2.

11. On January 23, 2013, Roger Parker filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532, in the United States Bankruptcy Court for the District of Colorado, Case No. 13-10897 (EEB). *See* Suggestion of Bankruptcy, Adv. D.I. 35. As a result of Roger Parker's bankruptcy, Delia Parker requested that the parties stay the Parker Action as to her, and on February 27, 2013, the parties agreed to do so. *See* Adv. D.I. 39.

12. On February 12, 2013, Delta Petroleum filed a *Motion for Summary Judgment* in the BWAB and Larson Actions.

13. On April 2, 2015, this Court entered a joint *Memorandum Opinion* (the "Memorandum Opinion")[9] in the BWAB and Larson Actions granting Delta Petroleum's *Motion for Summary Judgment* with respect to the 1999 Assignments. In the Memorandum Opinion, the Court held that the interests held by BWAB and Larson pursuant to the BWAB and Larson Assignments were avoided real property interests because BWAB and Larson had failed to record and perfect their interests or, alternatively, were personal property interests that were discharged pursuant to the Delta Plan. Like BWAB and Larson, the Parkers did not record or perfect their interests under the Parker Assignment before the Petition Date, failed to file a proof of claim, and both received ample notice of Delta's bankruptcy cases.

---

[9] *See* BWAB Action, Case No. 12-50898, Adv. D.I. 110.

14. Following the entry of the Memorandum Opinion, both BWAB and Larson executed an agreement with Delta Petroleum settling the remaining issues in the BWAB and Larson Actions.[10] Both the BWAB and Larson Actions have been closed since 2015.

### Delia Parker's Chapter 7 Proceeding

15. On November 23, 2016, while the Parker Action remained stayed, Delia Parker filed a petition for chapter 7 relief in the United States Bankruptcy Court for the District of Colorado, Case No. 16-21479 (EEB) (Bankr. D. Colo.) (the "Chapter 7 Proceeding").

16. On October 23, 2017, Delta Petroleum filed the *Amended Motion for Relief from the Automatic Stay*. Chapter 7 Proceeding, D.I. 67. On November 21, 2017, the United States Bankruptcy Court for the District of Colorado, the court presiding over the Chapter 7 Proceeding, entered the *Order Granting Amended Motion for Relief from the Automatic Stay*, lifting the automatic stay in Delia Parker's Chapter 7 Proceeding to allow this litigation to proceed. Chapter 7 Proceeding, D.I. 76.

### Relief Requested

17. Delta Petroleum seeks entry of an order, substantially in the form attached as **Exhibit A** hereto lifting the stay of the Parker Action as provided in the *Order Approving Stipulation Staying Adversary Proceeding No. 12-50876 as Against Delia Parker* (Adv. D.I. 39) to allow litigation solely between Delta Petroleum and Delia Parker to proceed.

18. The *Stipulation Staying Adversary Proceeding No. 12-50876 as Against Delia Parker* (the "Stipulation") stays the Parker Action as against Delia Parker "until further order of the Court." *See* Adv. D.I. 67-2. The Stipulation also provides that "[u]pon notice to the

---

[10] *See Order Approving Stipulation of Settlement Among Delta Petroleum General Recovery Trust, Par Petroleum Corporation, Aleron Larson, Jr, and BWAB Limited Liability Company Resolving Adversary Proceedings,* BWAB Action, Case No. 12-50898, Adv. D.I. 119.

6

Parties and Roger Parker, any party may seek to lift the stay provided for herein." *Id.* Delta Petroleum submits that in light of the below request for the Parker Action to proceed solely against Delia Parker, and given that notice to Roger Parker is required under the Stipulation, that such notice does not violate the Bankruptcy Code or Roger Parker's confirmed Third Amended Plan of Reorganization.  *See* Roger Parker Chapter 11 Case, Case No. 13-10897 (EEB) (Bankr. D. Colo. 2014) (D.I. 556, 584).

19. Delta Petroleum requests that the Court lift the stay with respect to the Parker Action, and allow litigation to proceed between Delta Petroleum and Delia Parker alone. Both Roger and Delia Parker admit throughout their filed answers to the Complaint and Amended Complaint that Roger Parker unequivocally assigned his interest in the Parker Assignment to Delia Parker pursuant to a divorce settlement.[11] Accordingly, Delta Petroleum submits that the Parker Action can go forward and be completely resolved without Roger Parker because he does not hold an interest in the Parker Assignment.

20. Moreover, a resolution of the Parker Action is crucial to Delta Petroleum closing its bankruptcy cases. The Parker Action is the remaining adversary proceeding in the Delta bankruptcy cases and has been stayed for over four years, while the BWAB and Larson Actions have been closed for over two. Thus, a resolution of the long-stayed Parker Action would be beneficial to all parties involved. Lastly, pursuant to the Stipulation, Delta Petroleum has given notice of its intent to proceed with the Parker Action to the other parties in this adversary proceeding and to Roger Parker.

---

[11] Accordingly, Delta Petroleum intends to dismiss Roger Parker from the Parker Action after the Parker Action is resolved as to Delia Parker.

7

WHEREFORE, Delta Petroleum respectfully requests that the Court lift the stay with respect to the Parker Action to allow litigation to proceed between Delta Petroleum and Delia Parker.

| | |
|---|---|
| Dated: December 22, 2017<br>Wilmington, Delaware | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Jose F. Bibiloni*<br>Derek C. Abbott (No. 3376)<br>Daniel B. Butz (No. 4227)<br>Jose F. Bibiloni (No. 6261)<br>1201 North Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19899-1347<br>Telephone: (302) 658-9200<br>Facsimile: (302) 658-3989<br><br>*Counsel for Delta Petroleum and the Delta Petroleum General Recovery Trust* |