# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br><br> DELTA PETROLEUM CORPORATION, *et al.*,[1] <br><br> Reorganized Debtors. | Chapter 11 <br><br> Case No. 11-14006 (KJC) <br><br> (Jointly Administered) <br><br> **Hearing Date: March 1, 2018 at 3 p.m. (ET)** <br> **Objections Due: February 21, 2018 at 4:00 p.m. (ET)** |
| DELTA PETROLEUM GENERAL RECOVERY TRUST AND <br> PAR PATROLEUM CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> ROGER PARKER AND <br> DELIA PARKER, <br><br> Defendants. | Adv. Pro. Case No. 12-50876 (KJC) |

**MOTION OF DELTA PETROLEUM GENERAL RECOVERY TRUST AND PAR PETROLEUM CORPORATION FOR (I) ENTRY OF A FINAL DECREE CLOSING THE DEBTORS' CHAPTER 11 CASES, (II) AN ORDER TERMINATING CERTAIN CLAIMS AND NOTICING SERVICES, AND (III) <u>AN ORDER DISMISSING THE PARKER ACTION, ADV. CASE NO. 12-50876</u>**

Delta Petroleum General Recovery Trust ("<u>Delta Petroleum Trust</u>") and Par Pacific Holdings, Inc. f/k/a Par Petroleum Corporation and its affiliates (the "<u>Reorganized

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Delta Petroleum Corporation (0803), DPCA LLC (0803), Delta Exploration Company, Inc. (9462), Delta Pipeline, LLC (0803), DLC, Inc. (3989), CEC, Inc. (3154), Castle Texas Production Limited Partnership (6054), Amber Resources Company of Colorado (0506), and Castle Exploration Company, Inc. (9007). The Recovery Trustee's address is 1301 McKinney, Suite 2025, Houston, Texas 77010.

Debtors," and together with Delta Petroleum Trust, "Delta Petroleum"[2]), move (the "Motion") for entry of a final decree (the "Final Decree"), substantially in the form attached hereto as **Exhibit A**, closing Delta Petroleum's chapter 11 cases, terminating certain claims and noticing services provided by Epiq Bankruptcy Solutions, LLC ("Epiq"), dismissing the remaining adversary proceeding in these cases, the Parker Action, and granting related relief. In support of this Motion, Delta Petroleum respectfully states as follows:

## JURISDICTION

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are section 350(a) of title 11 of the United States Code 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rules 3022 and 7041 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3022-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND

### A. The Chapter 11 Cases

4. On December 16, 2011 (the "Initial Petition Date"), all of the Debtors, except for Castle Exploration Company, Inc. ("CECI"), commenced their bankruptcy cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On January 6, 2012 (the "CECI Petition Date," and with the Initial Petition Date, the "Petition Date"), CECI

---

[2] Delta Petroleum Corporation and its affiliated debtors are referred to as "Debtors" prior to the Effective Date of the Plan and as the "Reorganized Debtors" thereafter.

2

commenced its bankruptcy case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases (the "Chapter 11 Cases"). A committee of unsecured creditors was appointed in the Chapter 11 Cases on June 15, 2012.

5. The events leading up to the Petition Date and the facts and circumstances supporting the Debtors' petitions are set forth in the *Declaration of John T. Young, Jr., Chief Restructuring Officer of Delta Petroleum Corporation, in Support of First Day Relief* filed on December 16, 2011 (D.I. 18).

**B.    The Restructuring**

6. On August 13, 2012, the Debtors filed the *Third Amended Joint Chapter 11 Plan of Reorganization of Delta Petroleum Corporation and its Debtor Affiliates* (D.I. 885) (as modified by D.I. 925, the "Plan").[3]

7. On August 16, 2012, the Court entered the *Findings of Fact, Conclusions of Law and Order Confirming the* Debtors' *Third Amended Joint Chapter 11 Plan of Reorganization* (D.I. 925) (the "Confirmation Order"), which confirmed the Plan. On August 31, 2012 (the "Effective Date"), the Debtors satisfied all conditions under the Plan, the Plan became effective, and all of the Debtors' assets vested in (a) a joint venture company, (b) the reorganized Debtors, also known as Par Petroleum Corporation (f/k/a Delta Petroleum Corporation) and its affiliates, or (c) a recovery trust, in each case free and clear of all claims and liens, as each term is defined in the Bankruptcy Code (*See* D.I. 947).

8. The Plan allowed the Debtors to deleverage their balance sheets through an agreement with Laramie Energy II, LLC ("Laramie") to form a new joint venture company

---

[3]    Capitalized but undefined terms used herein shall have the meaning ascribed to them in the Plan.

with assets contributed by the Debtors and Laramie, including each party's oil and gas, surface real estate, and related assets. The Reorganized Debtors hold a 33.34% interest in the joint venture company. The Plan extinguished the Debtors' then-existing equity interests and provided prepetition holders of general unsecured claims and noteholder claims with a pro rata share of the Reorganized Debtors' new common stock in satisfaction of their claims.

9. The Plan also created the Delta Petroleum Trust. On the Effective Date, the Debtors transferred estate causes of action and vested all estate responsibilities for Claim objections and for winding down the Chapter 11 Cases to the Delta Petroleum Trust. At this time, J. Matthew Vaughn, in his capacity as successor trustee (the "Recovery Trustee") on behalf of the Delta Petroleum Trust, and his advisors, have finished their review and reconciliation of all Claims, including both the Claims listed on the Schedules and the Claims asserted in the Proofs of Claim (including any supporting documentation) filed in these Chapter 11 Cases, except for the two claims detailed below.[4] To date, Delta Petroleum has filed twelve omnibus objections to various Claims.[5]

10. Under Plan section 6.6(h), the Recovery Trustee's duties terminate "after all Recovery Trust Assets . . . are fully resolved, abandoned or liquidated and [have] been distributed in accordance with this Plan." Plan § 6.6(h). Notwithstanding the Remaining Claims (as defined below), Mr. Vaughn has fully completed his duties as Recovery Trustee and has fully discharged his duties under the Plan. Additionally, "The Recovery Trustee shall not be liable for

---

[4] Section 7.7(a) of the Plan provides that "the Recovery Trustee, the Reorganized Debtors and any creditor, may continue to attempt to consensually resolve any disputes regarding the amount of any Claim and shall have the right, but not the obligations, to object to the allowance of any Claim and may file with the Court any other appropriate motion or adversary proceeding with respect thereto." Plan § 7.7(a).

[5] Before the Effective Date, the Debtors filed four omnibus objections to Claims, and after the Effective Date, the Debtors and Recovery Trustee filed an additional eight omnibus objections to Claims.

4

any act or omission taken or omitted to be taken . . . other than [for] acts or omissions resulting from the Recovery Trustee's willful misconduct, gross negligence or fraud." Plan § 6.6(f). In the discharge of his duties, the Recovery Trustee neither acted, nor failed to act, as a result of his own willful misconduct, gross negligence, or fraud.

11. As of the filing of this Motion, there are only two (2) Claims remaining to be objected to, allowed or otherwise resolved (the "Remaining Claims"). These claims are both related to the obligation of certain companies (including one or more of the Debtors) for decommissioning costs associated with an offshore well in California. The appeal of the litigation to the United States Supreme Court was concluded on March 20, 2017 when the Supreme Court denied the petition for writ of certiorari. Even though the litigation is now concluded, it may take years to understand the liability of the Debtors as it relates to these final two claims because the liability for the plugging and abandonment costs is still undetermined. Due to the unknown amount of time it may take to reach a resolution of these two Claims, the Reorganized Debtors believe that the best way to handle the Remaining Claims is in the ordinary course of business, outside of Bankruptcy. Further, because of this uncertainty, the Reorganized Debtors submit that the Claims Objection Deadline should be extended indefinitely as to the Remaining Claims and that they should retain the ability to reopen the applicable Chapter 11 Cases to resolve, reconcile, or object to, the Remaining Claims. And, of course, the two remaining Claimants have the right to reopen these Chapter 11 Cases if necessary.

C. **The Remaining Adversary Proceeding in these Chapter 11 Cases, the Parker Action, Adv. Pro. No. 12-50876**

12. On September 21, 2012, Delta Petroleum filed separate complaints against Roger Parker and Delia Parker, as co-defendants (the "Parker Action"), BWAB, LLC (the

5

"BWAB Action"),[6] and Aleron Larson, Jr. (the "Larson Action")[7] initiating separate adversary proceedings against each defendant. Each action was based in part on Delta Petroleum's 1999 assignment of non-operating overriding royalty interests in certain of Delta Petroleum's "oil and gas leases and lands" ("Leases") to each defendant. In each complaint, Delta Petroleum sought, among other things, a determination that, upon the Effective Date of the Plan, the Leases transferred to the Reorganized Debtors free and clear of the interests granted in the 1999 assignments.

13. On April 2, 2015, this Court entered a joint *Memorandum Opinion* (the "Memorandum Opinion")[8] in the BWAB and Larson Actions granting Delta Petroleum's *Motion for Summary Judgment* with respect to the 1999 assignments. Following the entry of the Memorandum Opinion, BWAB and Larson executed an agreement with Delta Petroleum settling the remaining issues in the BWAB and Larson Actions.[9] Both the BWAB and Larson Actions have been closed since 2015—only the Parker Action remains.

14. The Parker Action has been stayed since 2013. When Defendant Roger Parker filed for bankruptcy in January 2013, Delia Parker requested that the parties stay the Parker Action as to her, and on February 27, 2013, the parties agreed to do so. In November 2016, Delia Parker, the sole owner of the Parker non-operating overriding royalty interest

---

[6] *Delta Petroleum General Recovery Trust v. BWAB Limited Liability Company*, Adv. Pro. No. 12-50898 (KJC) (Bankr. D. Del.).

[7] *Delta Petroleum General Recovery Trust v. Larson*, Adv. Pro. No. 12-50877 (KJC) (Bankr. D. Del.).

[8] *See* BWAB Action, Case No. 12-50898, Adv. D.I. 110.

[9] *See Order Approving Stipulation of Settlement Among Delta Petroleum General Recovery Trust, Par Petroleum Corporation, Aleron Larson, Jr, and BWAB Limited Liability Company Resolving Adversary Proceedings,* BWAB Action, Case No. 12-50898, Adv. D.I. 119.

("Parker ORRI")[10] filed a petition for chapter 7 relief in the United States Bankruptcy Court for the District of Colorado, Case No. 16-21479 (EEB) (Bankr. D. Colo.) (the "Chapter 7 Proceeding").

15. Delta Petroleum has worked with the chapter 7 trustee of Delia Parker's bankruptcy estate ("Chapter 7 Trustee") to settle the Parker Action as between the Chapter 7 Trustee and Delta Petroleum. To that end, on January 31, 2018, the Chapter 7 Trustee filed the *Motion for Approval of Proposed Settlement with Delta Petroleum General Recovery Trust, Par Petroleum Corporation, and Par Point Arguello LLC* (Chapter 7 Proceeding, D.I. 89, 90) (the "Settlement Motion," attached hereto as **Exhibit B**), which seeks the Colorado Bankruptcy Court's approval of the settlement between the Chapter 7 Trustee and Delta Petroleum.[11] The Chapter 7 Trustee and Delta Petroleum do not anticipate any objection to the Settlement Motion, and expect the Colorado Bankruptcy Court to enter an order approving the settlement on or about February 21, 2018. The settlement requires Delta Petroleum to dismiss the Parker Action without prejudice, the parties to bear their own fees and costs, within 14 days of the Colorado Bankruptcy Court's entry of the order approving the parties' settlement. *See* Chapter 7 Proceeding, D.I. 89. Because Delta Petroleum anticipates that the Colorado Bankruptcy Court

---

[10] As explained in Delta Petroleum's *Motion for Order Lifting Stay of Adversary Proceeding No. 12-50876 as Against Delia Parker* (the "Lift Stay Motion") (Parker Action D.I. 53), Roger Parker unequivocally transferred his interest in the Parker ORRI to Delia Parker pursuant to a divorce settlement. *Id.* The Court has not yet ruled on the Lift Stay Motion.

[11] Plan Section 10.14(d) allows the Recovery Trustee to settle outstanding Claims and Causes of Action (such as the Parker Action) without the approval of this Court. Section 10.14(d) of the Plan provides that "[n]otwithstanding any requirement that may be imposed pursuant to Bankruptcy Rule 9019, from and after the Effective Date, the Recovery Trustee may, subject to the Recovery Trust Agreements and, as applicable, approval of the Recovery Trust Oversight Board, settle all Claims, Causes of Action and Wapiti Causes of Action without supervision or approval of the Bankruptcy Court, free of any restrictions of the Bankruptcy Code, the Bankruptcy Rules, the local rules of the Bankruptcy Court, and the guidelines and requirements of the United States Trustee." Plan § 10.14(d). Thus, Delta Petroleum submits that once the Colorado Bankruptcy Court enters an order approving the Settlement Motion, the Parker Action can be dismissed by this Court.

will approve the settlement before this Court's entry of the Final Decree, the Parker Action should be dismissed by this Court through entry of the Final Decree.

## RELIEF REQUESTED

16. By this Motion, the Delta Petroleum seeks entry of a Final Decree, substantially in the form attached hereto as **Exhibit A**, closing Delta Petroleum's Chapter 11 Cases, terminating certain claims and noticing services provided by Epiq, dismissing the Parker Action, and granting related relief.

## BASIS FOR RELIEF REQUESTED

### A.    Entry of Final Relief

17. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Local Rule 3022-1(a) provides that, "[u]pon written motion, a party in interest may seek the entry of a final decree at any time after the confirmed plan has been fully administered provided that all required fees due under 28 U.S.C. § 1930 have been paid."

18. The term "fully administered" is not defined in the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules. The Advisory Committee Note to Bankruptcy Rule 3022 (the "Advisory Committee Note"), however, sets forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

    a.    whether the order confirming the plan has become final;

    b.    whether deposits required by the plan have been distributed;

        c.      whether the property proposed by the plan to be transferred has been transferred;

        d.      whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;

        e.      whether payouts under the plan have commenced; and

        f.      whether all motions, contested matters, and adversary proceedings have been finally resolved.

19. Courts in this district and others adopt the view that "these factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed." *In re SLI, Inc.*, 2005 WL 1668396, at *2 (Bankr. D. Del. June 24, 2005) (citing *In re Mold Makers, Inc.*, 124 B.R. 766, 768–69 (Bankr. N.D. Ill. 1990)); *see also In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999) (recognizing that bankruptcy courts weigh the factors contained in the Advisory Committee Note when deciding whether to close a case).

20. Consistent with the view that not all of the Advisory Committee Note factors must be present prior to closing a chapter 11 case, courts have deemed cases fully administered where there is a pending adversary proceeding. *In re JMP-Newcor Int'l, Inc.*, 225 B.R. 462, 465 (Bankr. N.D. Ill. 1998). Courts have also found cases to be fully administered where there are outstanding distributions to be made. *See, e.g.*, *Mold Makers*, 124 B.R. at 768; *In re Jordan Mfg. Co.*, 138 B.R. 30, 35–36 (Bankr. C.D. Ill. 1992).[12]

---

[12]    Courts have also found that entry of a final decree is appropriate to end the accrual of section 1930 bankruptcy fees owed to the United States Trustee. *See In re Jay Bee Enters., Inc.*, 207 B.R. 536, 539 (Bankr. E.D. Ky. 1997) (stating that it seemed "appropriate to close [the] case to stop the financial drain on the debtor" on account of section 1930 fees). The Reorganized Debtors wish to close these Chapter 11 Cases before the close of Q1 of 2018 so as to avoid incurring additional section 1930 fees.

21. In addition to the factors set forth in the Advisory Committee Note, courts have considered whether the plan of reorganization has been substantially consummated. *See, e.g.*, *In re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) (considering substantial consummation as a factor in determining whether to close a case); *Walnut Assocs.*, 164 B.R at 493 (same).[13]

22. As of the date hereof, these Chapter 11 Cases have been "fully administered" within the meaning of section 350 of the Bankruptcy Code, making it appropriate for the Court to enter a final decree closing these Chapter 11 Cases. Specifically,

   a. the Confirmation Order has become final and is non-appealable;

   b. the Reorganized Debtors have emerged from chapter 11;

   c. all payments required to be made pursuant to the Plan have been paid or provided for as of the Effective Date;

   d. the Reorganized Debtors have assumed the business and management of the property dealt with by the Plan;

   e. the Reorganized Debtors have made substantially all distributions provided for under the Plan and will make any remaining distributions in the ordinary course and in accordance with the Plan;

   f. all but two (2) proofs of claim filed in these Chapter 11 Cases have been allowed, expunged, or otherwise resolved;

   g. all of the transactions contemplated by the Plan closed on the Effective Date; and

   h. the Plan has been substantially consummated within the meaning of section 1101(2) of the Bankruptcy Code.

---

[13] Section 1101(2) of the Bankruptcy Code defines substantial consummation as the: (A) transfer of all or substantially all of the property proposed by the plan to be transferred; (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and (C) commencement of distribution under the plan.

23. Moreover, "[t]he court should not keep [a] case open only because of the possibility that the court's jurisdiction may be invoked in the future." Fed. R. Bankr. P. 3022, Advisory Comm. Note (1991). Furthermore, the entry of a final decree closing these Chapter 11 Cases is without prejudice to any creditors' rights, including the creditors holding the two remaining Claims, to petition the Court to reopen these Chapter 11 Cases pursuant to section 350(b) of the Bankruptcy Code.

24. Finally, contemporaneously with the filing of this Motion, and in accordance with Local Rule 3022-1(c), Delta Petroleum will file a final report describing the fees and expenses awarded to the retained professionals who rendered services during the pendency of these Chapter 11 Cases.

25. For the foregoing reasons, Delta Petroleum submits that the Court should enter a final decree closing these Chapter 11 Cases.

### B. Termination of Claims and Noticing Services

26. Delta Petroleum also requests entry of an order terminating the claims and noticing services (the "Claims and Noticing Services") provided by Epiq pursuant to the *Order Appointing Epiq Bankruptcy Solutions, LLC as Claims, Noticing, and Balloting Agent for the Debtors and Debtors in Possession* (D.I. 70) (the "Epiq Retention Order"). Upon termination of the Claims and Noticing Services, and except as otherwise provided herein, Epiq shall have no further obligations under the Epiq Retention Order to the Court, the Debtors, the Reorganized Debtors, or any other party in interest with respect to the Claims and Noticing Services in these Chapter 11 Cases.

27. Pursuant to Local Rule 2002-1(f)(ix), within 30 days of entry of a final decree, Epiq will (a) forward to the Clerk of the Court an electronic version of all imaged claims, (b) upload the creditor mailing list into CM/ECF, and (c) docket a final claims register

containing all Claims filed in these Chapter 11 Cases.  Epiq will also box and deliver all original claims to the Philadelphia Federal Records Center, 14470 Townsend Road, Philadelphia, Pennsylvania 19154 and docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.  In addition to the foregoing, pursuant to Local Rule 2002-1(f)(xii), Epiq will docket a final claims register in each jointly-administered case containing claims of only that specific case.

28. Should Epiq receive any mail regarding the Reorganized Debtors or Debtors after entry of an order granting this Motion, Epiq will collect and forward such mail no less frequently than monthly to the Reorganized Debtors.

### C. Dismissal of the Parker Action

29. Delta Petroleum requests that the Final Decree dismiss the Parker Action.  The Parker Action can be dismissed under Federal Rule of Bankruptcy Procedure 7041, which incorporates Federal Rule of Civil Procedure 41.  *See* Fed. R. Bankr. P. 7041.  Federal Rule of Civil Procedure 41(a)(2) provides that "an action may be dismissed at the plaintiff's request . . . by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  As required by the settlement, Plaintiff Delta Petroleum must dismiss the Parker Action without prejudice, each of the parties to hear his or her own costs.  *See* Chapter 7 Proceeding, D.I. 89.  Therefore, as Delta Petroleum and the Chapter 7 Trustee have settled the Parker Action, this Court may dismiss the Parker Action at Delta Petroleum's request through an order, "on terms that the court considers proper."  *See* Fed. R. Civ. P. 41(a)(2).  Delta Petroleum submits that its request to dismiss the Parker Action without prejudice, the parties to bear their own costs, is proper and reasonable under the circumstances.

**NOTICE**

30. The Reorganized Debtors have provided notice of the Motion to all parties who are required to receive notice under Local Rule 3022-1(b) and to the parties in the Parker Action, including Defendants Roger and Delia Parker. Delta Petroleum submits that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, Delta Petroleum respectfully requests that the Court (i) enter the Final Decree, substantially in the form attached hereto as **Exhibit A**, and (ii) grant such other and further relief as is just and proper.

| | |
|---|---|
| Dated: February 7, 2018<br>Wilmington, Delaware | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Jose F. Bibiloni*<br>Derek C. Abbott (No. 3376)<br>Daniel B. Butz (No. 4227)<br>Jose F. Bibiloni (No. 6261)<br>1201 North Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19899-1347<br>Telephone: (302) 658-9200<br>Facsimile: (302) 658-3989<br><br>*Counsel for the Delta Petroleum General Recovery Trust and Par Petroleum Corporation* |

11636436.2