## **EXHIBIT B**

**Settlement Motion, Chapter 7 Proceeding D.I. 89, 90 (Notice of Motion)**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| DELIA CIRIACO PARKER, | ) | Case No. 16-21479 EEB |
| | ) | Chapter 7 |
| Debtor. | ) | |

### MOTION FOR APPROVAL OF PROPOSED SETTLEMENT
### WITH DELTA PETROLEUM GENERAL RECOVERY TRUST, PAR
### PETROLEUM CORPORATION, AND PAR POINT ARGUELLO LLC

Jeanne Y. Jagow, trustee, by and through her undersigned counsel, respectfully moves, pursuant to F.R.B.P. 9019, for approval of a proposed settlement with Delta Petroleum General Recovery Trust, Par Petroleum Corporation, and Par Point Arguello LLC.  In support hereof, the Trustee states as follows:

### A.      THE DISPUTES

1.      On November 23, 2016, Delia Ciriaco Parker ("**Delia Parker**") filed a voluntary Chapter 7 petition commencing the above-captioned case.

2.      Jeanne Y. Jagow is the duly appointed and qualified trustee ("**Trustee**") of Delia Parker's Chapter 7 bankruptcy estate ("**Parker Estate**").

3.      On December 16, 2011 ("**Delta Petition Date**"),[1] Delta Petroleum Corporation and certain of its affiliates ("**Old Delta**") each filed a voluntary Chapter 11 petition in the U.S. Bankruptcy Court for the District of Delaware ("**Delaware Bankruptcy Court**").[2]

4.      Prior to the Delta Petition Date, Old Delta owned and operated natural gas and crude oil producing assets and held interests in leases in certain lands that contain oil and gas producing wells.  Among those leases were certain offshore oil and gas leases on the outer continental shelf of the United States, including interests in certain oil and gas leases located off the coast of Santa Barbara, California ("**Leases**").

5.      In connection with Old Delta's acquisition of the Leases, in December 1999, Old Delta executed an assignment to Roger Parker, the now ex-husband of Delia Parker ("**Parker Assignment**").  The Parker Assignment created a non-operating 1% overriding royalty interest in certain "oil and gas leases and lands" that burdened the oil, gas, and other leased minerals

---

[1] On December 16, 2011 all of the Delta Debtors, except for Castle Exploration Company, Inc. ("CECI"), commenced their bankruptcy cases.  On January 6, 2012 CECI commenced its bankruptcy case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.

[2] *In re Delta Petroleum Corp., et al.*, Case No. 11-14006 (KJC) (Bankr. D. Del.).

produced, saved, and sold from or allocated to the lands covered by the Leases, free and clear of certain expenses.

6.      On or about June 23, 2012 (after the Delta Petition Date), Roger Parker assigned his interest in the Parker Assignment to Delia Parker in connection with their dissolution of marriage proceedings.

7.      On August 16, 2012, the Delaware Bankruptcy Court entered a Confirmation Order, confirming the *Third Amended Joint Chapter 11 Plan of Reorganization of Delta Petroleum Corporation and its Affiliates* ("**Plan**").  Upon the effective date of the Plan, Delta Petroleum Corporation emerged from Chapter 11 as Par Petroleum Corporation ("**Par Petroleum**").

8.      Also in conjunction with the Plan, the Delaware Bankruptcy Court authorized the formation of the Delta Petroleum General Recovery Trust ("**Delta Petroleum Trust**"), a general recovery trust created for the benefit of Par Petroleum and certain of its affiliates (together, "**Delta Reorganized Debtors**").  The Delta Petroleum Trust was formed to liquidate certain trust assets and object to, settle, or compromise any disputed claims for the benefit of the Delta Reorganized Debtors.  Among other things, Old Delta's avoidance powers under 11 U.S.C. § 544(a) were vested in the Delta Petroleum Trust.

9.      On August 31, 2012, the Plan became effective, and all of Old Delta's assets, including the Leases, vested either to certain recovery trusts, including the Delta Petroleum Trust, or to the Delta Reorganized Debtors.

10.     Also on August 31, 2012, an *Assignment, Bill of Sale, and Conveyance of Assets*, between Delta Petroleum Corporation, as assignor, and Par Point Arguello LLC, a Delaware limited liability company ("**Par Point Arguello**"), as assignee, was recorded in the Official Records of the County Clerk and Recorder of Santa Barbara County, California ("**2012 Assignment**").  Pursuant to the 2012 Assignment, at least one lease which was the subject of the Parker Assignment was transferred from Delta Petroleum Corporation to Par Point Arguello (which has not filed for bankruptcy relief).

11.     The Trustee is advised that, pursuant to the Parker Assignment, Roger Parker and/or Delia Parker continued to receive monthly royalty payments totaling approximately $66,555.32 between the Delta Petition Date and the effective date of the Plan ("**Post-Petition Royalty Payments**").  These payments were made with the approval of the Delaware Bankruptcy Court; however, the order approving these payments expressly preserved Delta Petroleum Corporation's right to challenge the validity, priority, or amount of any payments, as well as the validity of the Parker Assignment.

12.     After confirmation of the Plan, no further royalty payments were made on account of the Parker Assignment.  Counsel for the Delta Petroleum Trust and Par Petroleum provided the Trustee's undersigned counsel with a spreadsheet showing the performance of the Leases (which were the subject of the Parker Assignment) from October of 2012 through December of 2015.  The spreadsheet reflects that the subject leases ceased production on or about May 19,

2015.  Based on the spreadsheet, the Trustee's counsel estimates that the amount of withheld royalties was approximately $150,000.00 ("**Withheld Post-Confirmation Royalties**").

13.     In late September 2012, Delta Petroleum Trust and Par Petroleum filed an adversary complaint in the Delaware Bankruptcy Court against Roger Parker and Delia Parker, as co-defendants ("**Parker Action**"),[3] seeking, among other things: (i)  a determination that, upon the effective date of the Plan, the Leases were transferred to the Delta Reorganized Debtors free and clear of the interest granted in the Parker Assignment and (ii) a monetary judgment in the amount of the Post-Petition Royalty Payments.

14.     Roger Parker and Delia Parker filed answers to the complaint, opposing the relief sought in the Parker Action.  In addition, Delia Parker asserted counterclaims for the recovery of the Withheld Post-Confirmation Royalties.

15.     On January 23, 2013, Roger Parker filed a voluntary petition for relief under Chapter 11 in this Court.  As a result of Roger Parker's bankruptcy, Delia Parker requested that the parties stay the Parker Action as to her, and the parties agreed to do so.  On February 27, 2013, an *Order Approving Stipulation Staying Adversary Proceeding No. 12-50876 as Against Delia Parker* was entered in the Parker Action.

16.     On April 3, 2017, Delta Petroleum Corporation filed proof of claim No. 9-1 in the Parker Bankruptcy Case ("**Delta's Proof of Claim**").  Delta's Proof of Claim asserts the same claims which are the subject of the Parker Action.   As of this writing, the Trustee has not formally objected to Delta's Proof of Claim.  However, the Trustee has notified Delta Petroleum Corporation that it disputes the validity of Delta's Proof of Claim.

17.     On November 21, 2017, this Court entered an *Order Granting Amended Motion for Relief from the Automatic Stay*, lifting the automatic stay in the Parker Bankruptcy Case to allow the Parker Action to proceed.  On December 22, 2017, Delta Petroleum Trust and Par Petroleum filed a *Motion for Order Lifting Stay of Adversary Proceeding No. 12-50876 as Against Delia Parker*, in the Parker Action.  Although the Trustee has not opposed said motion, it has not yet been granted.

18.     The Trustee has not yet employed local Delaware counsel to represent her in the Parker Action, nor has the Trustee been formally substituted for Delia Parker in the Parker Action.

19.     Finally, although Delia Parker did not file a proof of claim in Delta Petroleum Corporation's case, the Trustee contends that – if the Delta Petroleum Trust and/or Par Petroleum were successful in avoiding the Parker Assignment, the Trustee would have the right to file a proof of claim in Delta Petroleum Corporation's case pursuant to 11 U.S.C. § 502(h).   The Parker Trustee further contends that Par Point Arguello is liable to the Parker Estate for the Withheld Post-Confirmation Royalties.  Delta Petroleum Trust, Par Petroleum, and Par Point Arguello hotly dispute all of these contentions.

---

[3] *Delta Petroleum General Recovery Trust and Par Petroleum Corporation v. Roger Parker and Delia Parker*, Adv. Pro. No. 12-50876 (KJC) (Bankr. D. Del.).

## B.     THE PROPOSED SETTLEMENT

20.     The Trustee, on one hand, and Delta Petroleum Trust, Par Petroleum, and Par Point Arguello, on the other hand, have entered into a *Settlement Agreement and Mutual Release* ("**Agreement**").   A copy of the Agreement is attached hereto.

21.     <u>From the Trustee's perspective</u>, the material terms of the Agreement are as follows:

> a.     The Agreement must be approved by this Court.

> b.     Delta Petroleum Trust and Par Petroleum will pay the Trustee $25,000.00.

> c.     Delta Petroleum Trust and Par Petroleum will withdraw Delta's Proof of Claim in this case.

> d.     The Parker Action will be dismissed without prejudice, the parties to bear their own costs and attorney's fees.

> e.     The Trustee will agree that Par Point Arguello is the sole owner of the Parker Assignment, and the Trustee will release all rights related to the Parker Assignment.

> f.     The Trustee, on one hand, and Delta Petroleum Trust, Par Petroleum, and Par Point Arguello, on the other hand, will exchange broad mutual releases of claims.

## C.     MERITS OF THE PROPOSED SETTLEMENT

22.     The principal dispute between the parties is whether the Parker Assignment was, or can be, avoided in the Chapter 11 proceedings commenced by Delta Petroleum Corporation and its affiliates.   If this dispute were resolved in favor of the Delta Petroleum Trust and Par Petroleum, then the Trustee would have no right to the Withheld Post-Confirmation Royalties.  Moreover, it is possible that Delta's Proof of Claim might be allowed against the Parker Estate in the approximate amount of $66,555.32.

23.     In assessing her chances of success in the Parker Action, the Trustee has considered the outcome of two similar adversary proceedings commenced by Delta Petroleum Trust and Par Petroleum in the Delaware Bankruptcy Court.   These adversary proceedings were brought against BWAB Limited Liability Company ("**BWAB**") and Aleron Larson, Jr. ("**Larson**").[4]

24.     In 1999, BWAB and Larson each received overriding royalty interests which were identical to the Parker Assignment, except that BWAB's interest was set at 3% (compared to 1% under the Parker Assignment).

---

[4] *Delta Petroleum General Recovery Trust and Par Petroleum Corporation v. BWAB Limited Liability Company*, Adv. Pro. No. 12-50898 (KJC) (Bankr. D. Del.); and *Delta Petroleum General Recovery Trust and Par Petroleum Corporation v. Aleron Larson, Jr.*, Adv. Pro. No. 12-50877 (KJC) (Bankr. D. Del.).

25.     On April 2, 2015, the Delaware Bankruptcy Court rendered a joint ruling on summary judgment motions filed in the two adversary proceedings.  In both instances, the court held that the 1999 assignments to BWAB and Larsen were either unperfected transfers of interests in real property (avoidable under 11 U.S.C. § 544(a)) or mere contractual rights that were discharged under the confirmed Plan.  Thus, the court held that BWAB and Larsen had no interests in the Leases and, thus, no valid claims for withheld royalties.  The court left open the question of whether the authorized post-petition (pre-confirmation) payments to BWAB and Larson might be recoverable as constructively fraudulent transfers.   The adversaries were settled without a ruling on this point.

26.     If the Parker Action goes forward, Delta Petroleum Trust and Par Petroleum will raise the same arguments they made in their motions for summary judgment against BWAB and Larsen.

27.     Importantly, however, it appears to the Trustee that the existence of the 2012 Assignment was unknown to the Delaware Bankruptcy Court when it ruled against BWAB and Larson on summary judgment.

28.     The Trustee contends that, as a result of the 2012 Assignment, Delta Petroleum Trust and Par Petroleum lost their rights to avoid the Parker Assignment under 11 U.S.C. § 544(a).  Stated simply, the Trustee's argument is that Delta Petroleum Corporation's § 544(a) powers were vested in the Delta Petroleum Trust on confirmation, and that Par Point Arguello (the current owner of the Leases) is not a beneficiary of the Delta Petroleum Trust.  Moreover, Par Point Arguello is not a named plaintiff in the Parker Action.

29.     The Trustee acknowledges that the case law on the § 544(a) issue – one way or the other – is thin.   Counsel for Delta Petroleum Trust and Par Petroleum have raised a number of technical arguments to defeat the Trustee's position.  Further, the Delaware Bankruptcy Court might be loath to entertain new arguments that would cast doubt on the validity of its April 2, 2015 ruling in the BWAB and Larsen adversary proceedings.  In addition, litigating this matter would likely take many months, and perhaps longer if appeals were pursued.

30.     The expense of litigating this matter in Delaware would be very considerable (among other things, it would be necessary to employ local counsel in Delaware).

31.     Finally, it is not certain that the Trustee would have the right to file a proof of claim under § 502(h), if the Parker Assignment is avoided pursuant to § 544(a).  Section 502(h) comes into play if a transfer is avoided and there is a "recovery of property" under § 550.  The Delta Petroleum Trust and Par Point Arguello will argue that the avoidance of the Parker Assignment would involve a declaration of rights, but not a recovery of property.

**D.    CONCLUSION**

32.     For the foregoing reasons, the proposed settlement is fair and equitable and in the best interests of the Parker Estate.

WHEREFORE, Jeanne Y. Jagow, trustee, prays for entry of an Order approving the proposed settlement and for such other and further relief as is just.

January 31, 2018           SPENCER FANE LLP

                                  By:    /s/ Philip A. Pearlman, Esq.
                                          Philip A. Pearlman, #11426
                                          1700 Lincoln Street, Suite 2000
                                          Denver, CO 80203
                                          Ph. (303) 839-3800
                                          Fax (303) 839-3838
                                          e-mail: ppearlman@spencerfane.com
                                 ATTORNEYS FOR JEANNE Y. JAGOW,
                                 TRUSTEE

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 31, 2018, I served by prepaid first class mail a copy of the foregoing MOTION FOR APPROVAL OF PROPOSED SETTLEMENT WITH DELTA PETROLEUM GENERAL RECOVERY TRUST, PAR PETROLEUM CORPORATION, AND PAR POINT ARGUELLO LLC, the attached agreement, the related notice, and a proposed order on all parties against whom relief is sought and those otherwise entitled to service pursuant to the FED. R. BANKR. P. and these L.B.R. at the following addresses:

US Trustee
Byron G. Rogers Federal Bldg.
1961 Stout St., Ste. 12-200
Denver, CO 80294-1961

Delia Ciriaco Parker
9733 E. Crestline Cr.
Greenwood Village, CO 80111-3636

Jean C. Arnold
7691 Shaffer Pkwy., Ste. A
Littleton, CO 80127-3010

Lisa Cancanon
11101 W. 120th Ave., Ste. 280
Broomfield, CO 80021-3436

Robertson B. Cohen
1720 S. Bellaire St., Ste. 205
Denver, CO 80222-4327

Heather Deere
355 Union Blvd., Ste. 250
Lakewood, CO 80228-1508

Daniel Glasser, Esq.
2000 S. Colorado Blvd.,
Tower I, Ste. 7500
Denver, CO 80222-7938

Roger A. Parker
9 Cherry Hills Park Drive
Cherry Hills Village, CO 80113

Lee M. Kutner, Esq.
Kutner Brinen, P.C.
1660 Lincoln Street, Suite 1850
Denver, CO 80264

Risa Lynn Wolf-Smith
555 17th St., Ste. 3200
Denver, CO 80202-3921

                                      */s/ Nancy Schacht*
                                      Nancy Schacht

6

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This agreement ("**Agreement**") is made effective as of January 30, 2018, by and between Jeanne Y. Jagow, trustee of the Chapter 7 bankruptcy estate of Delia C. Parker ("**Parker Trustee**"), on one hand, and Delta Petroleum General Recovery Trust ("**Delta Petroleum Trust**"), Par Pacific Holdings, Inc. fka Par Petroleum Corporation ("**Par Petroleum**"), and Par Point Arguello LLC, a Delaware limited liability company ("**Par Point Arguello**"), on the other hand (collectively, the "**Parties**").

## RECITALS

A.     On November 23, 2016 ("**Parker Petition Date**"), Delia Ciriaco Parker ("**Delia Parker**") filed a voluntary Chapter 7 petition in the U.S. Bankruptcy Court for the District of Colorado ("**Colorado Bankruptcy Court**"), Case No. 16-21479-EEB ("**Parker Bankruptcy Case**").

B.     The Parker Trustee is the duly appointed and qualified trustee of Delia Parker's Chapter 7 bankruptcy estate ("**Parker Estate**").

C.     On December 16, 2011 ("**Delta Petition Date[1]**"), Delta Petroleum Corporation and certain of its affiliates ("**Old Delta**"), each filed a voluntary Chapter 11 petition in the U.S. Bankruptcy Court for the District of Delaware ("**Delaware Bankruptcy Court**").[2]

D.     Prior to the Delta Petition Date, Old Delta owned and operated natural gas and crude oil producing assets and held interests in leases in certain lands that contain oil and gas producing wells. Among those leases were certain offshore oil and gas leases on the outer continental shelf of the United States, including interests in certain oil and gas leases located off the coast of Santa Barbara, California ("**Leases**").

E.     In connection with Old Delta's acquisition of the Leases, in December 1999, Old Delta executed an assignment to Roger Parker, the now ex-husband of Delia Parker ("**Parker Assignment**"). The Parker Assignment created a non-operating overriding royalty interest in a specified percentage of certain "oil and gas leases and lands" that burdened the oil, gas, and other leased minerals produced, saved, and sold from or allocated to the lands covered by the Leases, free and clear of certain expenses.

F.     On August 16, 2012, the Delaware Bankruptcy Court entered a Confirmation Order, confirming the *Third Amended Joint Chapter 11 Plan of Reorganization of Delta Petroleum Corporation and its Affiliates* ("**Plan**"). Upon the effective date of the Plan, Delta Petroleum Corporation emerged from Chapter 11 as Par Petroleum.

---

[1] On December 16, 2011 all of the Delta Debtors, except for Castle Exploration Company, Inc. ("CECI"), commenced their bankruptcy cases. On January 6, 2012 CECI commenced its bankruptcy case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.

[2] *In re Delta Petroleum Corp., et al.*, Case No. 11-14006 (KJC) (Bankr. D. Del.).

G.     Also in conjunction with the Plan, the Delaware Bankruptcy Court authorized the formation of the Delta Petroleum Trust, a general recovery trust created for the benefit of Par Petroleum and certain of its affiliates (together, **"Delta Reorganized Debtors"**).  The Delta Petroleum Trust was formed to liquidate certain trust assets and object to, settle, or compromise any disputed claims for the benefit of the Delta Reorganized Debtors.

H.     On August 31, 2012, the Plan became effective, and all of Old Delta's assets, including the Leases, vested either to certain recovery trusts, including the Delta Petroleum Trust, or to the Delta Reorganized Debtors.

I.     Also on August 31, 2012, an *Assignment, Bill of Sale, and Conveyance of Assets*, between Delta Petroleum Corporation, as assignor, and Par Point Arguello, as assignee, was recorded in the Official Records of the County Clerk and Recorder of Santa Barbara County, California (**"2012 Assignment"**).  Pursuant to the 2012 Assignment, at least one lease which was the subject of the Parker Assignment was transferred from Delta Petroleum Corporation to Par Point Arguello.

J.     In late September 2012, Delta Petroleum Trust and Par Petroleum filed a complaint in the Delaware Bankruptcy Court against Roger Parker and Delia Parker, as co-defendants (**"Parker Action"**),[3] seeking, among other things: (1)  a determination that, upon the effective date of the Plan, the Leases were transferred to the Delta Reorganized Debtors free and clear of the interest granted in the Parker Assignment and (2) a monetary judgment in the amount of payments made under the Parker Assignment between the Delta Petition Date and the effective date of the Plan.  Roger Parker and Delia Parker filed answers, opposing the relief sought in the Parker Action.

K.     On or about June 23, 2012 (after the Delta Petition Date, but before the commencement of the Parker Action), Roger Parker unequivocally assigned his interest in the Parker Assignment to Delia Parker.

L.     On January 23, 2013, Roger Parker filed a voluntary petition for relief under Chapter 11 in the Colorado Bankruptcy Court.  As a result of Roger Parker's bankruptcy, Delia Parker requested that the parties stay the Parker Action as to her, and the parties agreed to do so.  On February 27, 2013, an *Order Approving Stipulation Staying Adversary Proceeding No. 12-50876 as Against Delia Parker* was entered in the Parker Action.

M.     On April 3, 2017, Delta Petroleum Corporation filed proof of claim No. 9-1 in the Parker Bankruptcy Case (**"Delta's Proof of Claim"**).

N.     On November 21, 2017, the Colorado Bankruptcy Court entered an *Order Granting Amended Motion for Relief from the Automatic Stay*, lifting the automatic stay in the Parker Bankruptcy Case to allow the Parker Action to proceed.

---

[3] *Delta Petroleum General Recovery Trust and Par Petroleum Corporation v. Roger Parker and Delia Parker*, Adv. Pro. No. 12-50876 (KJC) (Bankr. D. Del.).

O.    On December 22, 2017, Delta Petroleum Trust and Par Petroleum filed a *Motion for Order Lifting Stay of Adversary Proceeding No. 12-50876 as Against Delia Parker*, in the Parker Action.  Although the Parker Trustee has not opposed said motion, it has not yet been granted.

P.    The Parker Trustee, on one hand, and Delta Petroleum Trust, Par Petroleum, and Par Point Arguello, on the other hand, after extensive negotiations, wish to resolve all disputes between them on the terms and conditions set forth below so as to avoid the cost and risk associated with litigating the Parker Action.

**NOW, THEREFORE,** in consideration of the promises and mutual covenants contained herein and other valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties, as follows:

## TERMS AND CONDITIONS

1.    The recitals set forth above are incorporated herein by reference.

2.    To be fully effective, this Agreement must be approved by the Colorado Bankruptcy Court, pursuant to Federal Rule of Bankruptcy Procedure 9019 (the **"Settlement Order"**).  The Parker Trustee shall promptly file a motion for approval of this Agreement (**"Motion to Approve"**).  Pending the outcome of the Motion to Approve, the Parties shall take such actions in the Parker Action as are reasonably necessary to eliminate or reduce further litigation expense by any of them.

3.    In the event the Motion to Approve is denied, the Parker Action shall proceed.

4.    In the event the Motion to Approve is granted, the following paragraphs of this Agreement shall take effect.

5.    The **"Approval Date"** shall be the date upon which the Settlement Order is entered on the Colorado Bankruptcy Court's docket or, if an appeal of the Settlement Order is taken, the date upon which the appeal is dismissed.

6.    Withdrawal of Delta Petroleum's Claims.  Each of Delta Petroleum Trust, Par Petroleum Corporation, Par Point Arguello LLC, and the Delta Reorganized Debtors (collectively, **"Delta Petroleum"**), on behalf of itself and its affiliates, agrees not to pursue any claim they may have on account of the Parker Assignment, or any other claim whatsoever in connection with the Parker Action.

7.    Withdrawal of the Parker Trustee's and Defendants' Claims.  The Parker Trustee, on behalf of herself and the Parker Estate, waives, and hereby agrees not to pursue any claim or potential claim that it may have on account of the Parker Assignment, or any other claim or potential claim whatsoever in connection with the Parker Action.

3

8.     In exchange for the full and final settlement of the Parker Action and the mutual withdrawal of the claims referenced herein, no later than fourteen (14) days after the Approval Date, Delta Petroleum Trust and Par Petroleum shall:

a.     pay the Parker Trustee $25,000.00, by means of a check made payable to "Jeanne Y. Jagow, trustee," which shall be mailed or delivered to the Parker Trustee at the following address:

> Jeanne Y. Jagow, Chapter 7 Trustee
> P.O. Box 271088
> Littleton, CO 80127

b.     cause the withdrawal of Delta's Proof of Claim, filed in the Parker Bankruptcy Case, and

c.     move for the dismissal, without prejudice, of the Parker Action, the parties to bear their own costs and attorneys' fees.

9.     <u>Parker Assignment</u>.  Upon compliance by Delta Petroleum and Par Petroleum with the requirements referenced in paragraph 8 of this Agreement, the Parker Trustee agrees that Par Point Arguello shall be the sole owner of the Parker Assignment, and the Parker Trustee and Parker Estate shall have no rights in and to the Parker Assignment.  For the avoidance of doubt, the releases contemplated in subparagraph 10(a) of this Agreement include the Parker Trustee's release of all rights, if any, related to the Parker Assignment.  By this Agreement, each of the Parker Trustee and the Parker Estate warrant that they have not assigned their rights, if any, under the Parker Assignment to any other person.

10.     Further, upon compliance by Delta Petroleum and Par Petroleum with the requirements referenced in paragraph 8, the following releases shall automatically take effect:

a.     The Parker Trustee, for herself and the Parker Estate, and her respective attorneys, agents, representatives, successors, predecessors, and assigns, hereby releases Delta Petroleum Trust, Par Petroleum, Par Point Arguello, and all Delta Reorganized Debtors, from any and all claims of any nature whatsoever, based in law or in equity, whether known or unknown, arising from any facts, events, or circumstances which existed or occurred from the beginning of time to the Approval Date of this Agreement, including (without limitation) any and all claims arising under the Parker Assignment or otherwise related to the Leases; but not including any claims for the breach of this Agreement.  The Parker Trustee further warrants that she has not assigned any alleged claim against the Delta Petroleum Trust, Par Petroleum, Par Point Arguello, and all Delta Reorganized Debtors relating to any of the claims she is releasing under this Agreement to any person, and is not aware of any claims against the Delta Petroleum Trust, Par Petroleum, Par Point Arguello, and all Delta Reorganized Debtors other than the claims released under this Agreement.  In the event that any of the claims, suits, liabilities, actions, causes of action, or similar matters undertaken herein to be released by the Parker Trustee and the Parker Estate are not, for any reason, fully, effectively, and finally released and extinguished hereby, the undersigned hereby irrevocably transfers, assigns,

4

and conveys such claims, suits, liabilities, actions, causes of action, and similar matters to Delta Petroleum Trust, Par Petroleum, Par Point Arguello, and any Delta Reorganized Debtor.

      b.     Delta Petroleum Trust, Par Petroleum, and Par Point Arguello, for themselves and for all Delta Reorganized Debtors, their affiliates, and their respective past and present members, managers, officers, directors, employees, attorneys, agents, representatives, successors, predecessors, and assigns hereby release the Parker Trustee and the Parker Estate from any and all claims of any nature whatsoever, based in law or in equity, whether known or unknown, arising from any facts, events, or circumstances which existed or occurred from the beginning of time to the Approval Date of this Agreement, including (without limitation) any and all claims asserted in the Parker Action and Delta's Proof of Claim; but not including any claims for the beach of this Agreement. The Delta Petroleum Trust, Par Petroleum, Par Point Arguello, and all Delta Reorganized Debtors warrant that they have not assigned any alleged claim against the Parker Trustee and the Parker Estate relating to any of the claims they are releasing under this Agreement to any person, and are not aware of any claim against the Parker Trustee or Parker Estate other than the claims released under this Agreement. In the event that any of the claims, suits, liabilities, actions, causes of action, or similar matters undertaken herein to be released by the Delta Petroleum Trust, Par Petroleum, Par Point Arguello, and all Delta Reorganized Debtors are not, for any reason, fully, effectively, and finally released and extinguished hereby, the undersigned hereby irrevocably transfers, assigns, and conveys such claims, suits, liabilities, actions, causes of action, and similar matters to the Parker Estate.

    11.    <u>Representations and Warranties</u>. Each of the Parties, as applicable, represents and warrants to the other Parties as follows:

      a.     Subject to the Colorado Bankruptcy Court's entry of the Settlement Order and such Settlement Order becoming a final order, the Parties have full power and authority to execute this Agreement and perform all of the obligations set forth herein.

      b.     No further corporate or organizational action or approval, except for the Colorado Bankruptcy Court's entry of the Settlement Order and such Settlement Order becoming a final order, is necessary on the part of the Parties to execute and deliver this Agreement, to be bound by its terms, or to perform its obligations set forth herein.

      c.     Each of Party is the sole owner and holder of the claims each Party is releasing under this Agreement, including without limitation, any rights under the Parker Assignment.

      d.     The Parker Trustee and Parker Estate warrant to Delta Petroleum that the Parker Estate is the sole owner of the Parker Assignment, by virtue of the assignment referenced in Recital K (Roger Parker to Delia Parker) and the provisions of 11 U.S.C. § 541.

e.     The Parker Trustee warrants to Delta Petroleum that she, upon the filing of the Parker Bankruptcy Case, became the duly appointed and qualified trustee of the Parker Estate with the sole authority to execute this Agreement on behalf of the Parker Estate.

12.     <u>Further Assurance</u>.  The Parties shall cooperate in good faith to prepare and execute all documents and to take all actions required to fully effectuate the terms of this Agreement as soon as reasonably possible.  The Parker Trustee will further use her best efforts to promptly obtain the entry of an order of the Colorado Bankruptcy Court approving this Agreement.

13.     This Agreement shall be deemed executed in the State of Colorado and the laws of the State of Colorado shall apply to the resolution of any disputes relating to this Agreement.

14.     This Agreement is the complete agreement of the Parties.  Any and all prior agreements, whether oral or in writing, are deemed merged herein.

15.     This Agreement may be executed in counterparts and by facsimile or other electronic means (e.g., e-mail/PDF).

IN WITNESS WHEREOF, THE PARTIES AFFIX THEIR SIGNATURES BELOW:

JEANNE Y. JAGOW, TRUSTEE OF THE
CHAPTER 7 BANKRUPTCY ESTATE OF
DELIA C. PARKER

_____  1/30/18
                              (Date)

DELTA PETROLEUM GENERAL
RECOVERY TRUST

by_____  30 Jan. 2018
                               (Date)
James Matthew Vaughn

_____
Senior VP & General Counsel

PAR PACIFIC HOLDINGS INC.

by_____  30 Jan. 2018
                               (Date)
James Matthew Vaughn

_____
Senior VP & General Counsel

PAR POINT ARGUELLO LLC

by Par Pacific Holding, Inc., its sole member
_____
                               (Date)
James Matthew Vaughn          30 Jan. 2018

_____
Senior VP & General Counsel

6

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

In re:  )
 )
DELIA CIRIACO PARKER,  )  Case No. 16-21479 EEB
 )  Chapter 7
Debtor.  )

### ORDER GRANTING TRUSTEE'S
### MOTION FOR APPROVAL OF PROPOSED SETTLEMENT
### WITH DELTA PETROLEUM GENERAL RECOVERY TRUST, PAR
### PETROLEUM CORPORATION, AND PAR POINT ARGUELLO LLC

This matter comes before the Court for consideration of the Trustee's *Motion for Approval of Proposed Settlement with Delta Petroleum General Recovery Trust, Par Petroleum Corporation, and Par Point Arguello LLC* ("**Motion**").

The Court FINDS that (A) adequate notice of the Motion was given to the Debtor, the Debtor's counsel, the United States Trustee, and other parties-in-interest, (B) no objection to the Motion or request for a hearing thereon was filed (or, if filed, any such objection or request for hearing was overruled, withdrawn, or otherwise disposed of), and (C) based on the Trustee's representations in the Motion, the relief sought in the Motion appears to be fair and equitable and in the best interests of the Debtor's bankruptcy estate and the creditors.

Accordingly, it is hereby ORDERED that:

1.  The Motion is GRANTED;

2.  The Settlement Agreement and Mutual Release (a copy of which is attached to the Motion) is APPROVED; and

3.  The Trustee and Delta Petroleum are AUTHORIZED to take all actions necessary to consummate the Settlement Agreement and Mutual Release.

Date: _____  BY THE COURT:


_____
Elizabeth E. Brown
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| DELIA CIRIACO PARKER, | ) | Case No. 16-21479 EEB |
| | ) | Chapter 7 |
| Debtor. | ) | |

### NOTICE OF TRUSTEE'S MOTION FOR APPROVAL OF PROPOSED SETTLEMENT WITH DELTA PETROLEUM GENERAL RECOVERY TRUST, PAR PETROLEUM CORPORATION, AND PAR POINT ARGUELLO LLC

### OBJECTION DEADLINE:  February 21, 2018

**YOU ARE HEREBY NOTIFIED THAT** Jeanne Y. Jagow, trustee of the Chapter 7 bankruptcy estate of Delia Ciriaco Parker, has filed *Motion for Approval of Proposed Settlement with Delta Petroleum General Recovery Trust, Par Petroleum Corporation, and Par Point Arguello LLC* ("**Motion**").  Set forth below are explanations of the Motion and your right to object.

## A.    EXPLANATION OF THE MOTION

On November 23, 2016, Delia Ciriaco Parker ("**Delia Parker**") filed a voluntary Chapter 7 petition commencing the above-captioned case.  Jeanne Y. Jagow is the duly appointed and qualified trustee ("**Trustee**") of Delia Parker's Chapter 7 bankruptcy estate ("**Parker Estate**").

### 1.    Description of the Disputes the Trustee Seeks to Settle.

On December 16, 2011 ("**Delta Petition Date**"), Delta Petroleum Corporation and certain of its affiliates ("**Old Delta**") each filed a voluntary Chapter 11 petition in the U.S. Bankruptcy Court for the District of Delaware ("**Delaware Bankruptcy Court**").

Prior to the Delta Petition Date, Old Delta owned and operated natural gas and crude oil producing assets and held interests in leases in certain lands that contain oil and gas producing wells.  Among those leases were certain offshore oil and gas leases on the outer continental shelf of the United States, including interests in certain oil and gas leases located off the coast of Santa Barbara, California ("**Leases**").  In connection with Old Delta's acquisition of the Leases, in December 1999, Old Delta executed an assignment to Roger Parker, the now ex-husband of Delia Parker ("**Parker Assignment**").  The Parker Assignment created a non-operating 1% overriding royalty interest in certain "oil and gas leases and lands" that burdened the oil, gas, and other leased minerals produced, saved, and sold from or allocated to the lands covered by the Leases, free and clear of certain expenses.  On or about June 23, 2012 (after the Delta Petition Date), Roger Parker assigned his interest in the Parker Assignment to Delia Parker in connection with their dissolution of marriage proceedings.

On August 16, 2012, the Delaware Bankruptcy Court entered an Order confirming a Chapter 11 plan for Delta Petroleum Corporation and its affiliates ("**Plan**"). On the effective date of the Plan, Delta Petroleum Corporation emerged from Chapter 11 as Par Petroleum Corporation ("**Par Petroleum**").

In conjunction with the Plan, the Delaware Bankruptcy Court also authorized the formation of the Delta Petroleum General Recovery Trust ("**Delta Petroleum Trust**"), a general recovery trust created for the benefit of Par Petroleum and certain of its affiliates (together, "**Delta Reorganized Debtors**"). The Delta Petroleum Trust was formed to liquidate certain trust assets and object to, settle, or compromise any disputed claims for the benefit of the Delta Reorganized Debtors. Among other things, Old Delta's avoidance powers under 11 U.S.C. § 544(a) were vested in the Delta Petroleum Trust.

On August 31, 2012, the Plan became effective, and all of Old Delta's assets, including the Leases, vested either to certain recovery trusts, including the Delta Petroleum Trust, or to the Delta Reorganized Debtors. Also on August 31, 2012, an *Assignment, Bill of Sale, and Conveyance of Assets*, between Delta Petroleum Corporation, as assignor, and Par Point Arguello LLC, a Delaware limited liability company ("**Par Point Arguello**"), as assignee, was recorded in the Official Records of the County Clerk and Recorder of Santa Barbara County, California ("**2012 Assignment**"). Pursuant to the 2012 Assignment, at least one lease which was the subject of the Parker Assignment was transferred from Delta Petroleum Corporation to Par Point Arguello (which has not filed for bankruptcy relief).

The Trustee is advised that, pursuant to the Parker Assignment, Roger Parker and/or Delia Parker continued to receive monthly royalty payments totaling approximately $66,555.32 between the Delta Petition Date and the effective date of the Plan ("**Post-Petition Royalty Payments**"). These payments were made with the approval of the Delaware Bankruptcy Court; however, the order approving these payments expressly preserved Delta Petroleum Corporation's right to challenge the validity, priority, or amount of any payments, as well as the validity of the Parker Assignment.

After confirmation of the Plan, no further royalty payments were made on account of the Parker Assignment. Counsel for the Delta Petroleum Trust and Par Petroleum provided the Trustee's undersigned counsel with a spreadsheet showing the performance of the Leases (which were the subject of the Parker Assignment) from October of 2012 through December of 2015. The spreadsheet reflects that the subject leases ceased production on or about May 19, 2015. Based on the spreadsheet, the Trustee's counsel estimates that the amount of withheld royalties was approximately $150,000.00 ("**Withheld Post-Confirmation Royalties**").

In late September 2012, Delta Petroleum Trust and Par Petroleum filed an adversary complaint in the Delaware Bankruptcy Court against Roger Parker and Delia Parker, as co-defendants ("**Parker Action**"), seeking, among other things: (i) a determination that, upon the effective date of the Plan, the Leases were transferred to the Delta Reorganized Debtors free and clear of the interest granted in the Parker Assignment and (ii) a monetary judgment in the amount of the Post-Petition Royalty Payments. Roger Parker and Delia Parker filed answers to the complaint, opposing the relief sought in the Parker Action. In addition, Delia Parker asserted

counterclaims for the recovery of the Withheld Post-Confirmation Royalties. The Parker Action is still pending.

On April 3, 2017, Delta Petroleum Corporation filed proof of claim No. 9-1 in the Parker Bankruptcy Case ("**Delta's Proof of Claim**"). Delta's Proof of Claim asserts the same claims which are the subject of the Parker Action. As of this writing, the Trustee has not formally objected to Delta's Proof of Claim. However, the Trustee has notified Delta Petroleum Corporation that it disputes the validity of Delta's Proof of Claim.

Finally, although Delia Parker did not file a proof of claim in Delta Petroleum Corporation's case, the Trustee contends that – if the Delta Petroleum Trust and/or Par Petroleum were successful in avoiding the Parker Assignment, the Trustee would have the right to file a proof of claim in Delta Petroleum Corporation's case pursuant to 11 U.S.C. § 502(h). The Parker Trustee further contends that Par Point Arguello is liable to the Parker Estate for the Withheld Post-Confirmation Royalties. Delta Petroleum Trust, Par Petroleum, and Par Point Arguello hotly dispute all of these contentions.

2. **The Proposed Settlement.**

The Trustee, on one hand, and Delta Petroleum Trust, Par Petroleum, and Par Point Arguello, on the other hand, have entered into a *Settlement Agreement and Mutual Release* ("**Agreement**"). A copy of the Agreement is attached to the Motion. From the Trustee's perspective, the material terms of the Agreement are as follows:

a. The Agreement must be approved by the U.S. Bankruptcy Court for the District of Colorado ("**Court**").

b. Delta Petroleum Trust and Par Petroleum will pay the Trustee $25,000.00.

c. Delta Petroleum Trust and Par Petroleum will withdraw Delta's Proof of Claim in this case.

d. The Parker Action will be dismissed without prejudice, the parties to bear their own costs and attorney's fees.

e. The Trustee will agree that Par Point Arguello is the sole owner of the Parker Assignment, and the Trustee will release all rights related to the Parker Assignment.

f. The Trustee, on one hand, and Delta Petroleum Trust, Par Petroleum, and Par Point Arguello, on the other hand, will exchange broad mutual releases of claims.

B. **YOUR RIGHT TO OBJECT TO THE MOTION**

A complete copy of the Motion is available for inspection in the Bankruptcy Court Clerk's Office, 721 19th Street, Denver, Colorado 80202, or upon request from the undersigned attorney. If you oppose the Motion, your objection and request for hearing must be

filed with the Clerk's Office on or before the objection deadline stated above, served on Philip A. Pearlman, Esq., at the address indicated below, and must state clearly all objections and any legal basis for the objections. The Court will not consider general objections.

In the absence of a timely, substantiated objection and request for hearing by an interested party, the Court may approve or grant the Motion without any further notice to creditors or other interested parties.

January 31, 2018                            SPENCER FANE LLP

                                            By:    /s/ Philip A. Pearlman, Esq.
                                                 Philip A. Pearlman, #11426
                                                 1700 Lincoln Street, Suite 2000
                                                 Denver, CO  80203
                                                 Ph. (303) 839-3800
                                                 Fax (303) 839-3838
                                                 e-mail: ppearlman@spencerfane.com
                                            ATTORNEYS FOR JEANNE Y. JAGOW,
                                            TRUSTEE

Case:12-50876-jdc   Doc:54-2   Filed:02/07/18   Page:19 of 22

UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO

IN RE:  DELIA CIRIACO PARKER

CASE NO: 16-21479 EEB

**DECLARATION OF MAILING
CERTIFICATE OF SERVICE**

Chapter: 7
ECF Docket Reference No.
Judge:
Hearing Location:
Hearing Date:
Hearing Time:
Response Date:

---

On 1/31/2018, I did cause a copy of the following documents, described below,

NOTICE OF TRUSTEE'S MOTION FOR APPROVAL OF PROPOSED SETTLEMENT WITH DELTA PETROLEUM
GENERAL RECOVERY TRUST, PAR PETROLEUM CORPORATION, AND PAR POINT ARGUELLO LLC,

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with
sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and
incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com,
an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.
Bankr.P. 9001(9) and 2002(g)(4).  A copy of the declaration of service is attached hereto and incorporated as if fully set forth
herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served
electronically witih the documents described herein per the ECF/PACER system.

DATED: 1/31/2018

/s/ PHILIP A. PEARLMAN
PHILIP A. PEARLMAN  11426
SPENCER FANE LLP
1700 LINCOLN ST., SUITE 2000
DENVER, CO  80203
303 839 3851
nschacht@spencerfane.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO

IN RE:  DELIA CIRIACO PARKER

CASE NO: 16-21479 EEB

**CERTIFICATE OF SERVICE**
**DECLARATION OF MAILING**

Chapter: 7
ECF Docket Reference No.
Judge:
Hearing Location:
Hearing Date:
Hearing Time:
Response Date:

On 1/31/2018, a copy of the following documents, described below,

NOTICE OF TRUSTEE'S MOTION FOR APPROVAL OF PROPOSED SETTLEMENT WITH DELTA PETROLEUM GENERAL
RECOVERY TRUST, PAR PETROLEUM CORPORATION, AND PAR POINT ARGUELLO LLC,

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient
postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth
herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced
document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is
true and correct to the best of my knowledge, information, and belief.

DATED: 1/31/2018

Jay S. Jump
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
SPENCER FANE LLP
PHILIP A. PEARLMAN
1700 LINCOLN ST., SUITE 2000
DENVER, CO  80203

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF E-SERVICE" RECEIVED ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

*CASE INFO*

1 LABEL MATRIX FOR LOCAL NOTICING
10821
CASE 16-21479-EEB
DISTRICT OF COLORADO
DENVER
WED JAN 31 07-58-23 MST 2018

2 ATT
PO BOX 10330
FORT WAYNE IN 46851-0330

3 AMERICAN EXPRESS CENTURION BANK
CO BECKET AND LEE LLP
PO BOX 3001
MALVERN PA 19355-0701

4 AMEX
CORRESPONDENCE
PO BOX 981540
EL PASO TX 79998-1540

5 JEAN C ARNOLD
7691 SHAFFER PKWY
STE A
LITTLETON CO 80127-3010

6 ASHLEY FUNDING SERVICES LLC ITS
SUCCESSORS
ASSIGNS AS ASSIGNEE OF LABORATORY
CORPORATION OF AMERICA HOLDINGS
RESURGENT CAPITAL SERVICES
PO BOX 10587
GREENVILLE SC 29603-0587

7 LISA CANCANON
11101 W 120TH AVE STE 280
BROOMFIELD CO 80021-2756

8 CHALLENGER FUND LLC
CO CHIPMAN GLASSER LLC
2000 S COLORADO BLVD
TOWER ONE SUITE 7500
DENVER CO 80222-7900

9 CHALLENGER FUND LLC
CO DANIEL GLASSER ESQ
2000 S COLORADO BLVD TOWER ONE
DENVER CO 80222-7900

10 CHILDREN S HOSPITAL COLORADO
13123 EAST 16TH AVENUE
B545
AURORA CO 80045-7106

11 ROBERTSON B COHEN
1720 S BELLAIRE ST
STE 205
DENVER CO 80222-4327

12 COLORADO BRAIN AND SPINE INSTITUTE
PO BOX 6971
LINCOLN NE 68506-0971

13 COLORADO DEPARTMENT OF REVENUE
1375 SHERMAN ST RM 504
DENVER CO 80261-0004

14 COLORADO DEPARTMENT OF REVENUE
PO BOX 17087
DENVER CO 80217-0087

15 HEATHER DEERE
355 UNION BLVD
STE 250
LAKEWOOD CO 80228-1508

16 DELTA PETROLEUM CORPORATION
CO DANIEL B BUTZ
1201 N MARKET STREET
WILMINGTON DE 19801-1147

17 FOUR SEASONS RESORT
SCOTTSDALE AT TROON NORTH
10600 E CRESCENT MOON DR
SCOTTSDALE AZ 85262-8342

18 DANIEL GLASSER
2000 S COLORADO BLVD
TOWER I
SUITE 7500
DENVER CO 80222-7938

19 HECKENBACK SUAZO LLP
7400 E ORCHARD ROAD
STE 3025N
ENGLEWOOD CO 80111-2528

20 INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATION
P O BOX 7346
PHILADELPHIA PA 19101-7346

21 JEANNE Y JAGOW
PO BOX 271088
LITTLETON CO 80127-0019

22 DAMON KAPLAN
5500 GREENWOOD PLAZA BLVD
STE 100
GREENWOOD VILLAGE CO 80111-2101

23 LEE M KUTNER
1660 LINCOLN ST
STE 1850
DENVER CO 80264-9911

24 LABORATORY CORPORATION OF AMERICA
PO BOX 2240
BURLINGTON NC 27216-2240

25 LAWRENCE FAMILY ENTERPRISES LLC
CO JEAN C ARNOLD ESQ
ARNOLD  ARNOLD LLP
7691 SHAFFER PARKWAY STE A
LITTLETON CO 80127-3010

26 LAWRENCE FAMILY ENTERPRISES LLC
CO JEAN C ARNOLD
ARNOLD  ARNOLD LLP
7691 SHAFFER PARKWAY SUITE A
LITTLETON CO 80127-3010

27 MEDICREDIT
PO BOX 1629
MARYLAND HEIGHTS MO 63043-0629

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF E-SERVICE" RECEIVED ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

28 MEDICAL IMAGING OF COLORADO LLC
10700 E GEDDES AVE SUITE 200
ENGLEWOOD CO 80112-3861

29 DAVID M MILLER
370 17TH ST
STE 4800
DENVER CO 80202-5698

30 NORDSTROM FSB
CORRESPONDENCE
PO BOX 6555
ENGLEWOOD CO 80155-6555

31 DELIA CIRIACO PARKER
9733 E CRESTLINE CIRCLE
GREENWOOD VILLAGE CO 80111-3636

32 PHILIP A PEARLMAN
1700 LINCOLN ST
STE 2000
DENVER CO 80203-4554

33 REVENUE ENTERPRISES LLC
PO BOX 441368
AURORA CO 80044-1368

34 RED ROCKS CREDIT UNION
9325 DORCHESTER ST STE 2
HIGHLANDS RANCH CO 80129-2519

35 REVENUE ENTERPRISES LLC
3131 S VAUGHN WAY STE 426
AURORA CO 80014-3508

36 ROGER PARKER
9 CHERRY HILLS PARK DRIVE
ENGLEWOOD CO 80113-7175

37 SELECT PORTFOLIO SERVICING INC
PO BOX 65250
SALT LAKE CITY UT 84165-0250

38 SOUTHMOOR PEDIATRIC DENTISTRY
6850 E HAMPDEN AVE
DENVER CO 80224-3024

39 SYNCHRONY BANK
CO PRA RECEIVABLES MANAGEMENT LLC
PO BOX 41021
NORFOLK VA 23541-1021

40 TRANSWORLD SYSTEMS INC
507 PRUDENTIAL ROAD
HORSHAM PA 19044-2308

41 US TRUSTEE
BYRON G ROGERS FEDERAL BUILDING
1961 STOUT ST
STE 12-200
DENVER CO 80294-6004

42 UNIVERSITY PHYSICIANS
13199 EAST MONTVIEW BLVD
BOX 1059
AURORA CO 80045-7202

43 UPRIGHT MRI OF COLORADO LLC
6726 S REVERE PKWY 100
CENTENNIAL CO 80112-3962

44 WELLS FARGO DEALER SERVICES
PO BOX 3569
RANCHO CUCAMONGA CA 91729-3569

45 RISA LYNN WOLF SMITH
555 17TH ST
STE 3200
DENVER CO 80202-3921

46 WOMBLE CARLYLE
100 LIGHT STREET
26TH FLOOR
BALTIMORE MD 21202-1153