**EXHIBIT B**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>DELTA PETROLEUM CORPORATION,<br><br>        Debtor | Chapter 11<br><br>Case No. 11-14006 (KJC) |
| In re:<br><br>DPCA LLC,<br><br>        Debtor | Chapter 11<br><br>Case No. 11-14007 (KJC) |
| In re:<br><br>DELTA EXPLORATION COMPANY, INC.,<br><br>        Debtor | Chapter 11<br><br>Case No. 11-14008 (KJC) |
| In re:<br><br>DELTA PIPELINE, LLC,<br><br>        Debtor | Chapter 11<br><br>Case No. 11-14009 (KJC) |
| In re:<br><br>DLC, INC.,<br><br>        Debtor | Chapter 11<br><br>Case No. 11-14010 (KJC) |
| In re:<br><br>CEC, INC.,<br><br>        Debtor | Chapter 11<br><br>Case No. 11-14011 (KJC) |
| In re:<br><br>CASTLE TEXAS PRODUCTION LIMITED PARTNERSHIP,<br><br>        Debtor | Chapter 11<br><br>Case No. 11-14012 (KJC) |

| | |
|---|---|
| In re:<br><br>AMBER RESOURCES COMPANY OF COLORADO,<br><br>                Debtor | Chapter 11<br><br><br>Case No. 11-14013 (KJC) |
| In re:<br><br>CASTLE EXPLORATION COMPANY, INC.,<br><br>                Debtor | Chapter 11<br><br>Case No. 12-10120 (KJC) |
| DELTA PETROLEUM GENERAL RECOVERY TRUST AND PAR ~~PATROLEUM~~ PETROLEUM CORPORATION,<br><br>                Plaintiffs,<br><br>     v.<br><br>ROGER PARKER AND DELIA PARKER,<br><br>                Defendants. | Adv. Pro. Case No. 12-50876 (KJC) |

**FINAL DECREE (I) CLOSING THE CHAPTER 11 CASES,
(II) TERMINATING CERTAIN CLAIMS AND NOTICING SERVICES,
AND (III) DISMISSING THE PARKER ACTION, ADV. CASE NO. 12-50876**

Upon the motion (the "Motion")[1] of Delta Petroleum Corporation and its affiliated debtors ("Delta" or the "Debtors" and, as reorganized in the above-captioned cases, the "Reorganized Debtors") for entry of a final decree (this "Final Decree") closing these Chapter 11 Cases, terminating certain claims and noticing services, and dismissing the Parker Action, all as more fully set forth in the Motion; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and

---
[1]  Capitalized terms used, but not defined, herein shall have the meaning ascribed to them in the Motion.

the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the

Court having found that venue of this proceeding and the Motion in this district is proper

pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in

the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in

interest; and the Court having found that Debtors' notice of the Motion and the opportunity for a

hearing on the Motion was appropriate under the circumstances and no other notice need be

provided; and the Court having reviewed the Motion; and the Court having determined that the

legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

and upon all of the proceedings had before the Court; and after due deliberation and sufficient

cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      The following chapter 11 cases of the Debtors are hereby closed; *provided*

that this Court shall retain jurisdiction as provided in Article 11 of the Plan:

| Debtor | Case No. |
|---|---|
| Delta Petroleum Corporation | 11-14006 |
| DPCA, LLC | 11-14007 |
| Delta Exploration Company, Inc. | 11-14008 |
| Delta Pipeline, LLC | 11-14009 |
| DLC, Inc. | 11-14010 |
| CEC, Inc. | 11-14011 |
| Castle Texas Production Limited Partnership | 11-14012 |
| Amber Resources Company of Colorado | 11-14013 |

| Castle Exploration Company, Inc. | 12-10120 |
|---|---|

3.      Entry of this Final Decree is without prejudice to (a) the rights of the Reorganized Debtors or any party in interest to seek to reopen any of these Chapter 11 Cases ~~for cause~~ pursuant to section 350(b) of the Bankruptcy Code, ~~and~~or (b) the rights of the Reorganized Debtors to dispute, in an appropriate non-bankruptcy forum, all claims that were filed against the Reorganized Debtors in these Chapter 11 Cases as contemplated by the Plan and the Confirmation Order; and the rights of any party in interest to defend against any such disputes, or to assert any liabilities, obligations or claims against the Reorganized Debtors, in an appropriate non-bankruptcy forum, are preserved.  However, the Reorganized Debtors or the claimants shall retain the ability to reopen the Chapter 11 Cases and resolve or reconcile the Remaining Claims (as defined below), notwithstanding the passage of the Claims Objection Deadline.

4.      The Reorganized Debtors or the General Recovery Trust, as applicable, shall, at all times, maintain the current reserves to satisfy all liabilities and obligations owed on account of the claim numbers 353 & 354 filed by the United States of America, o/b/o the Bureau of Ocean Energy Management and claim numbers 327 & 358 filed by Noble Energy, Inc. (collectively, the "Remaining Claims").

5.      ~~4.~~The Reorganized Debtors shall, on or before 30 days after entry of this Final Decree: (a) pay all fees due and payable pursuant to 28 U.S.C. § 1930(a)(6); and (b) serve copies of all post-confirmation reports on the U.S. Trustee.  Entry of this Final Decree is without prejudice to the rights of the U.S. Trustee to reopen these Chapter 11 Cases to seek appropriate relief in the event of an unresolved dispute over the payment of fees pursuant to 28 U.S.C. § 1930(a)(6) or the post-confirmation reports.

6.    ~~5.~~ The Recovery Trustee's duties are terminated as substantially all Recovery Trust Assets have been resolved, abandoned or liquidated, and have been distributed in accordance with the Plan.  Notwithstanding the Remaining Claims, Mr. Vaughn has fully discharged his duties as Recovery Trustee under the Plan.  In his capacity as Recovery Trustee, Mr. Vaughn neither acted, nor failed to act, as a result of his own willful misconduct, gross negligence, or fraud.

7.    ~~6.~~ The Claims and Noticing Services are terminated in accordance with the Motion upon the completion of the services listed in paragraph 6 below.  Thereafter, Epiq shall have no further obligations to this Court, the Debtors, the Reorganized Debtors, or any other party in interest with respect to the Claims and Noticing Services in these Chapter 11 Cases.

8.    ~~7.~~ Pursuant to Local Rule 2002-1(f)(ix), within 30 days of entry of this Final Decree, Epiq (or the Reorganized Debtors, as applicable) shall (a) forward to the Clerk of the Court an electronic version of all imaged claims, (b) upload the creditor mailing list into CM/ECF, and (c) docket a final claims register in the lead case containing claims of all cases. Prime Clerk shall box and deliver all original claims to the Philadelphia Federal Records Center, 14470 Townsend Road, Philadelphia, Pennsylvania 19154 and docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.  In addition to the foregoing, pursuant to Local Rule 2002-1(f)(xii), Epiq shall docket a final claims register in each jointly-administered case containing the claims of only that specific case.

9.    ~~8.~~ Should Epiq receive any mail regarding the Reorganized Debtors or the Debtors after entry of this Final Decree, Epiq shall collect and forward such mail no less frequently than monthly to the Reorganized Debtors.

10.    9. The Parker Action, Adversary Proceeding Case No. 12-50876, shall be dismissed without prejudice, the parties to bear their own fees and costs.

11.    10. The Reorganized Debtors and their agents are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Decree in accordance with the Motion.

12.    11. Notwithstanding anything to the contrary, the terms and conditions of this Final Decree shall be immediately effective and enforceable upon its entry.

13.    12. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Final Decree.

Dated: _____, 2018
         Wilmington, Delaware

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

Document comparison by Workshare 9.5 on Tuesday, February 27, 2018
10:08:39 AM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://WIL-DMS/WILM/11666780/1 |
| Description | #11666780v1<WILM> - Delta - Final Decree Order re Motion to Close Ch. 11 Cases |
| Document 2 ID | N:\NRPortbl\WILM\JBIBILONI\11675375_2.docx |
| Description | N:\NRPortbl\WILM\JBIBILONI\11675375_2.docx |
| Rendering set | Standard |

| Legend: |
|---|
| Insertion |
| Deletion |
| Moved from |
| Moved to |
| Style change |
| Format change |
| Moved deletion |
| Inserted cell |
| Deleted cell |
| Moved cell |
| Split/Merged cell |
| Padding cell |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 17 |
| Deletions | 12 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 29 |